OLIVER *v.* ASHWORTH.

1. APPEAL AND ERROR—QUESTION AS TO INSURANCE NOT ERROR IN ABSENCE OF IMPROPER MOTIVE.

In an action for personal injuries caused to a pedestrian by an automobile, that the jurors were asked, on their *voir dire* examination, as to whether any of them had policies in a certain insurance company, *held*, not prejudicial error, where the question was not asked for an improper purpose, but for the purpose of exercising peremptory challenges, and the subject was not mentioned again throughout the trial.

2. SAME—CASUALTY INSURANCE—THAT JURY LEARNS THAT INSURANCE IS CARRIED NOT ERROR UNLESS IMPROPERLY USED.

That the jury learns that the defendant in an automobile injury case carries insurance against liability on any judgment that might be rendered against him, *held*, not re-

¹Juries, 35 C. J. § 439; ²Appeal and Error, 4 C. J. § 3184 (Anno).

versible error unless use is made of it by counsel for the evident purpose of inflaming the passions of the jury and thereby increasing the size of the verdict.

3. NEGLIGENCE — MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN ON SIDEWALK.

A pedestrian on the sidewalk of a city street, who was struck and injured by an automobile after it had collided with another, was not guilty of contributory negligence, although he saw the automobile when it was 200 feet away and heard the crash of the collision, where he had no occasion to anticipate that he would be run over, and the time elapsing between the collision and when he was struck was only a few seconds.

4. TRIAL—INSTRUCTIONS—PROXIMATE CAUSE.

Failure of the trial judge to refer to proximate cause in a particular instruction on the question of negligence was not reversible error, where in other portions of the charge the jury were clearly given to understand that, for plaintiff to recover, the negligence complained of must have been the proximate cause of the accident.

5. SAME—RIGHTS AND DUTIES OF AUTOMOBILE DRIVERS APPROACHING STREET INTERSECTION.

An instruction in an action against an automobile driver for personal injuries inflicted upon a pedestrian after his automobile collided with another on his left, that where two automobile drivers are approaching an intersection, and are liable to meet, the one on the right is entitled to protection, but that it is a matter of good judgment, and one will be deemed negligent if he does not exercise good judgment, *held*, not erroneous as charging that defendant would be negligent if he failed to exercise good judgment, when taken with other portions of the charge as to what would constitute negligence, and as to what defendant's duties and rights at an intersection were.

Error to Wexford; Lamb (Fred S.), J.    Submitted April 7, 1927.    (Docket No. 35.)    Decided June 6, 1927.

Case by Manily Oliver against Franklin H. Ash-

³Motor Vehicles, 28 Cyc. p. 47; ⁴Trial, 38 Cyc. p. 1785; ⁵Motor Vehicles, 28 Cyc. p. 49; Trial, 38 Cyc. p. 1779.

worth for personal injuries.     Judgment for plaintiff, defendant brings error.     Affirmed.

*Penny & Worcester,* for appellant.

*Fred C. Wetmore (Samuel A. Anderson,* of counsel), for appellee.

SNOW, J.   Plaintiff was struck and severely injured by a large touring car, driven by defendant, at the corner of State and Maple streets in the city of Big Rapids..   State street runs north and south.     Maple street runs into it from the east, but does not cross it.     Defendant approached the corner from the south, at a speed variously estimated to be from 25 to 30 miles per hour.     At the same time a man named Snider, driving a Ford sedan, was approaching on State street from the north.     He attempted to turn east into Maple street, and as he turned, his automobile and that of the defendant collided, and defendant's car ran into and over the plaintiff who was on the sidewalk on Maple street near the point where it runs into State street.     Plaintiff had judgment in an action for damages, and defendant brings error.     As we proceed, such additional facts will be stated as may be necessary in considering the assignments of error.

Under the rule, the trial judge conducted the *voir dire* examination of the jurors.     During the examination the following occurred:

"*Mr. Wetmore:* I would like to have the jurors interrogated as to whether they or any of them have insurance policies in the American Automobile Insurance Company of St. Louis.

"*The Court:* I put that question to you, if any of you have, gentlemen?"     No response.

Defendant claims this to be prejudicial and to constitute reversible error, as the jury thereby learned he carried insurance against liability on any judgment that might be rendered against him.     We are satis-

fied that the question was suggested by plaintiff's counsel for no improper purpose. It was not pursued in the examination of witnesses nor in the argument to the jury, and it is said the information was desired for the purpose of exercising peremptory challenges. That no further mention of insurance was made throughout the trial lends force to this claim. In the recent case of *Sutzer* v. *Allen,* 236 Mich. 1, Chief Justice BIRD, speaking for the court, uses this language:

"It has now become common knowledge that people owning automobiles have them insured, and because that fact in a particular case reaches the ears of the jury during the trial, it is no longer reversible error unless an improper use is made of it by counsel for the evident purpose of inflaming the passions of the jury, and thereby increasing the size of the verdict."

This case disposes of the complaint here. The logic of the rule is undeniable, and the trend of recent judicial expressions has been in this direction. *Church* v. *Stoldt,* 215 Mich. 469; *Ward* v. *De Young,* 210 Mich. 67; *Reynolds* v. *Knowles,* 223 Mich. 71.

Defendant next contends that the court improperly charged the jury on the question of plaintiff's contributory negligence. Plaintiff was in neither of the automobiles in collision, and had nothing to do with it. He was walking on the north sidewalk of Maple street towards State. An eyewitness to the accident, produced by defendant, testified that defendant and Snider were driving in opposite directions on State street; that Snider was going south, and upon reaching Maple street attempted to turn into it; that defendant also "commenced to turn onto Maple street by the south curb of Maple;" that their cars came together at a point 5 or 6 feet east of the east line of State street, which would be about 16 or 17 feet east of the center line of State. Plaintiff admits he saw defendant's car approaching while about 200 feet south

of the corner.    He says he continued on his way, looked to the north, heard the crash, and as he turned his head towards it, defendant's car was about 3 feet from him; that it broke two posts south of the edge of the sidewalk upon which he was walking, came over the curb before he had a chance to get away, and ran over him.    Defendant testified the collision occurred "about 7 or 8 feet north of the center of Maple street and probably from 10 to 15 feet east of the east line of State street."    Maple street is 50 feet wide.    The record is not clear as to how far east of the State street curb plaintiff was when struck, but we gather he was somewhat back of the point of collision.    He was in any event at no great distance from the two automobiles.    Defendant testified he first saw plaintiff when his car approached the walk; that he was standing about 5 or 6 feet back from the curb "with his feet out and his hands up and his mouth open."

Counsel for defendant insist that if his testimony is true, the plaintiff, after seeing the approaching car, had plenty of time to protect himself from the approaching danger, and that the question of contributory negligence was an element in the case for consideration by the jury.    We do not think so.    But a few seconds of time could possibly have elapsed after plaintiff had any reason whatever to realize he was in danger before he was struck.    Seeing an automobile approaching 200 feet away was certainly no indication it would run into another car and be forced from the road.    It is not to be marveled that plaintiff stood agape when he saw the cars come together.    It was but natural.    There was no time for the mind to function or the will to exercise.    If he had any thought at all it must have been for his own safety; that he did not move but proves that he could not.    He was where he had the right to be, and there was nothing to cause him to anticipate he would be run over.    The

question of his contributory negligence, as stated by the court at the beginning of the trial, was not in the case. Notwithstanding this, however, the court did (although unnecessarily) charge with reference to contributory negligence:

"I said to you when you were examined on your *voir dire*, that contributory negligence would not be an element in this case. Owing to the fact that there were some arguments along that line by counsel, I am going to say to you that in ordinary negligence cases there is another element that is involved, and I am going to leave it to you to say whether, under all the circumstances of this case, the plaintiff himself did or failed to do anything which he should or could have done that would have obviated the accident and injuries therefrom. So that is the third element, whether or not the plaintiff himself contributed to the accident in any way."

And again the jury was instructed that one of the conditions necessary to permit recovery was "that he was in the exercise of due care for his own protection;" also "provided you find further that the plaintiff did nothing or omitted to do something that contributed to the accident and the resulting injuries."

Defendant further claims that the following instruction was erroneous because it omitted any reference to proximate cause:

"Now, what the fact is as to the question of negligence, and I will say that the gist of the case from your standpoint, your consideration, will be whether or not Mr. Ashworth was guilty of negligence in the operation and handling of his car at that intersection on the second day of September, 1924, and I will add that, if you are satisfied that Mr. Ashworth was negligent and also that Mr. Snider was negligent, if they were both negligent, in either case, the plaintiff is entitled to recover provided you find further that the plaintiff did nothing or omitted to do something that contributed to the accident and the resulting injuries."

But we think the jury was given clearly to under-

stand that, for plaintiff to recover, the negligence complained of must have been the proximate cause of the accident.  For instance, the court instructed:

"The main question for your first determination will be whether Mr. Ashworth was negligent as claimed by the plaintiff and whether that negligence was the proximate cause of the accident and resulting injury. If it was, the plaintiff is entitled to recover."

Also:

"The essential facts or elements for the plaintiff to establish by the proofs to make out his case, are:
1. That the defendant, Franklin H. Ashworth, was guilty of negligence within the meaning of the law.
2. That such negligence of the defendant was the proximate cause of the accident and the resulting injuries to the plaintiff.
"I will say in that connection, that by proximate cause, we mean an act or an omission to act from which the accident was the natural consequence."

Also:

"If you find that the defendant was free from negligence in the premises, or, if negligent, such negligence was not the proximate cause of the injury to the plaintiff, nor contributed thereto, then the defendant is not liable and your verdict will be for the defendant of no cause of action."

Error is also assigned on the following instruction:

"I will say in that connection that, in driving an automobile, where you come to a highway, or if you are on a State trunk line and it crosses another trunk line, where you meet and both have equal rights, the law requires that the one on your right is entitled to protection.  But that does not mean that if you see a man coming away down the highway that you must wait till he comes to the intersection, and if you are both approaching the intersection and liable to meet at that intersection at the same time, the one on the right is entitled to protection, but it is a matter of your own good judgment and you will be deemed negligent if you do not exercise good judgment.  That applies in cases of this character."

Defendant claims that the jury was thus in effect instructed that he would be deemed guilty of negligence if he failed to exercise good judgment. Taken with other portions of the charge as to what would constitute negligence, and as to what defendant's duties and his rights at an intersection of streets were, we do not feel that this instruction burdened the defendant with any obligation not imposed upon him by law, or that it constitutes reversible error.

We have examined other errors assigned and dismiss them as without merit. The verdict was in accord with the weight of the evidence. The charge was exhaustive and comprehensive, and as a whole correctly stated the principles of law governing the case.

Finding no reversible error, the judgment is affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.