BOWMASTER v. WILLIAM H. DE PREE CO.

MOTOR VEHICLES—NEGLIGENCE—OBSTRUCTING HIGHWAY—WARNING LIGHTS.
    Owners of truck were not negligent in obstructing wrong side of highway for purpose of rendering assistance to another autoist whose car was in ditch, where proper notice was given by turning on bright lights of truck facing direction from which traffic would come.

Appeal from Ottawa; Brown (William B.), J., presiding. Submitted January 7, 1932. (Docket No. 65, Calendar No. 36,000.) Decided June 6, 1932. Rehearing denied September 14, 1932.

Case by Benjamin H. Bowmaster, administrator of the estate of Arthur R. Bowmaster, against William H. DePree Company, a corporation, Peter H. Van Ark, and another for personal injuries resulting in the death of plaintiff's decedent alleged to be due to negligence of defendants. Verdict and judgment for plaintiff against defendant Van Ark only. Plaintiff appeals. Affirmed.

*Clare E. Hoffman* and *Carl E. Hoffman* (*Leo W. Hoffman,* of counsel), for plaintiff.

*Diekema, Cross & Ten Cate,* for defendants DePree.

McDONALD, J. This action was brought to recover damages for injuries sustained in an automobile accident which resulted in the death of plaintiff's decedent, Arthur R. Bowmaster.

The accident occurred at 10 o'clock in the forenoon of December 20, 1928, on M. 21 somewhere be-

As to liability for injuring one engaged about an automobile in highway, see annotation in 25 A. L. R. 134; 34 A. L. R. 1513; 61 A. L. R. 1159.

tween the cities of Holland and Grand Rapids. The
defendant John H. DePree was driving a truck be-
longing to the William H. DePree Company. Mr.
DeZwaan, a helper, was riding with him. The
weather was blustering and storming and the visibil-
ity was poor. There were icy patches on the pave-
ment. As they proceeded east, they discovered an
automobile, belonging to Mr. Ver Plank, in the ditch
by the south side of the highway. In response to a
signal from Ver Plank they stopped and prepared
to pull his car back on the road. In doing this they
obstructed the south side of the highway. Their
truck stood on the wrong side of the road facing
west with front lights full on. The plaintiff's de-
cedent, accompanied by his sister, Mrs. Du Mez, was
approaching from the west driving a truck. He saw
the DePree truck and stopped his car within 15 or
20 feet from it. He got out, talked to Mr. DePree,
and returned to his truck. In the meantime, defend-
ant Van Ark, coming from the west and driving at
a speed which prevented stopping within the assured
clear distance ahead, collided with the Bowmaster
truck. Bowmaster, who was still on the pavement,
was hit by his own truck, which was driven forward
by the force of the collision. He died from the in-
juries received. The administrator brought suit
against Van Ark, John H. DePree, and the William
H. DePree Company. This is a second trial. A
judgment on the first trial in favor of the defendants
was reversed by this court in 252 Mich. 505, but in
that decision no law was made on the decisive ques-
tion in the present case. In this case plaintiff was
awarded a verdict and judgment against Van Ark,
from which there has been no appeal. By direction
of the trial court, verdict and judgment were entered
in favor of John H. DePree and the William H.

DePree Company, on the ground that, as a matter of law, they were free from negligence. From this judgment the plaintiff has appealed.

The negligence charged to the defendants DePree is that they obstructed the road by parking their truck on the wrong side; that they did not give proper warning of the obstruction to others who might be using the highway; and that they negligently set in motion a series of events that resulted in the accident.

It is true that their obstruction of the road set in motion a series of events that culminated in the accident; but, under the circumstances, the act of obstruction was not in itself negligence. They were rendering assistance to a fellow autoist whose car had skidded from the road into a ditch. They were lawfully using the highway. 42 C. J. p. 1041. Unless they were otherwise negligent, they were not liable for injuries to plaintiff's decedent. But the plaintiff insists that they were negligent in parking their truck on the wrong side of the road so that it was facing west directly in the way of traffic coming from that direction. There would be some merit in this contention if decedent had been misled by the position of the truck and had driven off the south side of the road in the belief that the truck was coming toward him on the north side. But the accident did not happen in that way. When the decedent's truck was hit by the Van Ark car, it was standing still on the south portion of the highway. And as to other traffic coming toward him, the fact that defendant's truck was facing west was an advantage to them because the front lights brightly burning showed up the obstruction much better than the less brilliant lights on the rear could have done. They afforded sufficient warning to decedent so that he

was able to stop his car in ample time to avoid a collision. In placing the truck on the wrong side of the road, there was no negligence that could proximately cause this accident. It was lawfully there, and the only duty required of the DePrees was to give proper warning of the obstruction to others using the highway. Whether they did so is the sole question in this case. Mr. DePree testified that to warn traffic approaching from the west he turned the bright lights from the front of his truck full on in that direction. It was the only means of warning he had at hand. He and his helper were engaged with Mr. Ver Plank in removing the disabled car. The lights on his car were such as are required by the statute. They could be seen for such a distance that when Mr. Bowmaster, plaintiff's decedent, approached, he saw the obstruction and stopped his car. If they were of sufficient warning to Mr. Bowmaster, they were sufficient to warn others. Van Ark did not have as clear a view of the lights as Bowmaster had, but that was no fault of the DePrees. When Van Ark drove up, the Bowmaster car was parked across the south half of the highway at an angle of 45 degrees directly in front of the DePree truck, obscuring its lights. Nothing that the DePrees had done was responsible for the position of the Bowmaster car. It was not necessary for Bowmaster to further obstruct the highway and interfere with the efficiency of the defendant's warning by parking his car in that place and in that manner. When confronted with an obstacle in the road, it was his right to stop and investigate before proceeding farther. He was not negligent in so doing, but due regard for his own safety and the safety of others required that, before leaving his car, he should have parked it in a safe place off

the pavement on the shoulder of the road. The evidence shows that he could have done so. If the failure of Van Ark to see defendant's warning lights in time was a contributing cause of the accident, the fault was Bowmaster's. The defendant's lights were a sufficient warning to Bowmaster when he approached and would have been a sufficient warning to Van Ark if Bowmaster had not obscured them by parking his car across the highway in front of the truck. It was not DePree's negligence that put Bowmaster in that position. It was not DePree's negligence that caused Van Ark to collide with Bowmaster's truck. We are unable to find any evidence from which it can be said that the cause of the accident was a consequence of negligence on the part of DePree. Van Ark was driving at an excessive rate of speed considering the weather conditions. He could not stop within the assured clear distance ahead. If the failure to observe defendant's warning lights was a contributing cause of the accident, it was because of the position of decedent's car, for which defendants were not responsible. There was no evidence that would have warranted the court to submit the question of DePree's negligence to the jury.

The judgment is affirmed, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.