EDISON *v.* KEENE.

1. COURTS—NEGLIGENCE—CONFLICT OF LAW—LAW GOVERNING.
   Generally, where action for damages is brought in State other than that in which accident happened, matters relating to right of action are governed by laws of State where accident happened, and matters relating purely to remedy by laws of State where action is brought.

2. STATUTES—CONSTRUCTION—STATUTE OF FOREIGN STATE.
   Supreme Court will construe statute of another State as it would like statute of its own State, in absence of construction thereof by Supreme Court of said other State.

3. MOTOR VEHICLES—NEGLIGENCE—PARKING ON PAVEMENT—EMERGENCY—CONSTRUCTION OF STATUTE.
   Where truck driver stopped on pavement in Indiana to render assistance to driver of disabled truck ahead of him, there was emergency within meaning of statute prohibiting parking on pavement except in case of emergency, and therefore he was not liable to driver of automobile colliding with rear of truck (3 Burns Ann. Indiana Statutes 1926, § 10150; 1 Comp. Laws [Mich.] 1929, §§ 4693, 4718).

Appeal from Kent; Brown (William B.), J. Submitted January 17, 1933. (Docket No. 87, Calendar No. 36,709.) Decided April 4, 1933.

Case by A. St. Clair Edison against Clinton Keene and others for personal injuries received in a motor vehicle accident alleged to be due to defendants' negligence. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for defendants.

SHARPE, J. The defendant Wilson was the owner of two trucks, which were engaged in hauling freight from Chicago to Grand Rapids for the defendant Nixon on February 3, 1930. The rear truck was driven by the defendant Keene. When near the city of Gary, Indiana, and at about 10 o'clock at night, the forward truck, driven by Wilson, became somewhat disabled and the lights on it went out. Keene stopped his truck behind it and went forward to aid in its repair. His truck was fully equipped with rear lights, as provided by the laws of Indiana. While he was so working, he heard a crash and discovered that a car, owned and driven by the plaintiff, had collided with the rear end of the truck he had been driving.

3 Burns Ann. Indiana Statutes 1926, § 10150, reads as follows:

"It shall be unlawful for any person to park a motor vehicle or motor bicycle or to leave any such motor vehicle or motor bicycle, without an attendant, on the traveled portion of any highway outside the corporate limits of any city or town, except in case of an emergency."

The negligence on the part of the defendants rests upon the claim that their truck was parked on the pavement in violation of this statute. In disposing of it, the trial court said:

"Mr. Keene, after stopping his truck on the right-hand side of the road at the rear of Mr. Wilson's truck, went up to help Mr. Wilson repair his truck. I would call that just an emergency on the highway, that one automobilist, if he knows enough about doing the repairs, and wants to render a service to the other man, it is a service he has a right to render to the other fellow there who is in trouble, if he sees to it that the rear end of his own vehicle or car is properly protected by lights."

The collision having occurred in the State of Indiana, the general rule is that all matters relating to the right of action are governed by the laws of that State, and all matters relating purely to the remedy to the laws of the State in which the action is brought. Our attention has not been called to any decision of the Supreme Court of Indiana in which a construction has been placed upon the language of this statute. We therefore construe it as we would a like statute in this State. 59 C. J. p. 946.

The Michigan act regulating the operation of vehicles on highways (1 Comp. Laws 1929, § 4693 *et seq.*) contains the following provision:

Section 4718. "It shall be unlawful to park a vehicle on the beaten track or paved surface of any highway outside the limits of any village or city."

In section 4693, "parking" is defined as—

"Standing a vehicle, whether occupied or not, upon a highway, when not loading or unloading except when making necessary repairs."

In *Sahms* v. *Marcus,* 239 Mich. 682, 685, it was said:

"There is a difference between stopping and parking. The general purpose of the statute appears to be aimed at dead vehicles, *i. e.,* vehicles that are unable to move under their own power and are left standing on the pavement. It is also aimed at live vehicles that are able to move under their own power but are left standing on the pavement without watchman or caretaker, and also to vehicles that are able to move but are standing on the pavement to serve some purpose of the occupant or occupants. We think the idea of the legislature was to keep the improved highways open for travel and free from nonmoving vehicles. This purpose would not prohibit a temporary stop for a necessary reason. See 1 Blashfield's Cyclopedia of Automobile Law, p. 558."

While our statute makes no provision for an emergency, it has been construed as though it so provided. In *Bowmaster* v. *William H. DePree Co.,* 258 Mich. 538, the defendant had stopped his car upon the pavement, and upon the wrong side of the highway, to render assistance to the driver of a disabled car which was in the ditch. Mr. Justice McDONALD, speaking for the court, said:

"It is true that their obstruction of the road set in motion a series of events that culminated in the accident; but, under the circumstances, the act of obstruction was not in itself negligence. They were rendering assistance to a fellow autoist whose car had skidded from the road into a ditch. They were lawfully using the highway. 42 C. J. p. 1041."

In 3-4 Huddy on Automobile Law (9th Ed.), p. 104, the writer says:

"Under the automobile statutes the term 'park' has been defined by the courts as meaning, in sub-

stance, the voluntary act of leaving a car on the main-traveled portion of the highway when not in use. It means something more than a mere temporary or momentary stoppage on the road for a necessary purpose.''

Keene was in the employ of the defendant Wilson, and when he overtook the truck driven by Wilson and found that it was disabled, that its lights were out, it was his duty to assist in its repair. He saw to it that the lights on the rear of his truck were all lit, in compliance with the requirements of the Indiana statute. Owing to the banks of snow on the side of the highway, he had no opportunity to remove his truck off the pavement. Under these circumstances, we find no error in the holding of the trial court that the driver of the truck was not guilty of a violation of the Indiana statute.

Counsel for the plaintiff rely on the decision in *Camp* v. *Wilson,* 258 Mich. 38, but it will be observed that the negligent act there complained of was the absence of a tail light on the disabled truck.

The trial court was also of the opinion that the injury plaintiff sustained was due to the negligent manner in which he drove his car after discovering the lights on the rear of the truck, but, in view of the conclusion above reached, decision thereon is unnecessary.

The judgment is affirmed.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.