OZGA v. CLOCK.

MOTOR VEHICLES—NEGLIGENCE—AMBULANCE OBSTRUCTING HIGHWAY —WARNING LIGHTS.
  Owner of ambulance was not negligent in obstructing wrong side of highway near injured pedestrian for purpose of loading him into ambulance, where proper notice was given by turning on bright headlights and spotlights of ambulance facing direction from which traffic would come, deputy sheriff would presently handle traffic, and ambulance driver, in the emergency, deemed it inadvisable to park heavy ambulance on road shoulder or waste time to turn it around.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 17, 1934. (Docket No. 70, Calendar No. 37,551.) Decided March 6, 1934.

Case by Lawrence Ozga against Tiede Clock,
doing business as Clock Funeral Home, and another
for personal injuries received in an automobile acci-
dent alleged to be due to defendants' negligence.
Judgment for plaintiff.    Defendant Clock appeals.
Reversed as to appellant.

*Harry W. Jackson,* for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for de-
fendant Clock.

BUSHNELL, J.    About 4 o'clock on the rainy after-
noon of December 24, 1931, plaintiff was walking
against traffic on the north side of a 20-foot high-
way running east from Muskegon.    When about
three miles from the city he was struck by a hit-and-
run driver, who disappeared and has never been
located.    About 6 p. m. the authorities were notified
and defendant Clock, who owns and operates an
ambulance, was called.    Arriving at the scene of the
accident, the deputy sheriff, who arrived just ahead
of the ambulance, pulled his car completely off the
road on the right side, where there was plenty of
room and where the ground was firm.    The am-
bulance was equipped with a first-aid kit and a
stretcher cot on wheels, weighs about five or six
thousand pounds and is 17 or 18 feet long.    It pulled
up ahead of plaintiff on the left side of the road,
partly on the pavement, facing the oncoming traffic,
with its front wheels on an angle to the right and its
two bright headlights and two spotlights burning.
About a minute or so after stopping, while the cot
was being unloaded by the driver and his helper,
defendant Greiner, driving west with his windshield
wiper operating to give him clearer vision, saw the
lights of the ambulance, swerved to the left where

he saw more lights, probably those on the sheriff's car, and swung back again to the north, colliding with the ambulance and forcing it back its entire length. One of its front wheels passed over plaintiff as he lay on the ground. Plaintiff's right leg had been broken by the first accident. The second broke his left leg, left shoulder bone and the nasal septum, as well as tearing ligaments and muscles. He was in the hospital 86 days and was confined to his bed for 10 months. He made a good recovery as to the right leg, but at the time of trial, almost a year and a half after the accident, was not able to walk on the left leg and has much trouble with a sinus infection following the broken septum. Dr. Thornton, who attended him, was of the opinion that the left leg has only about 25 per cent. lateral motion.

The case was tried without a jury and a judgment was entered against defendants Greiner and Clock for $3,706, the amount of $706 covering medical and hospital services. Defendant Clock appeals, claiming that under the evidence the existence of an emergency justified his action in bringing the ambulance to a stop on the wrong side of the road. Defendant Greiner, who was negligent because of his failure to maintain a speed which would enable him to stop in the distance he could clearly see ahead, does not join in the appeal.

The principle in *Bowmaster* v. *William H. DePree Co.*, 258 Mich. 538, either controls or that case must be distinguished. We there held that the owners of a truck were not negligent in obstructing the wrong side of the highway for the purpose of rendering assistance to another autoist whose car was in a ditch, where proper notice and warning was given by the bright lights of the truck facing in the direction of oncoming traffic.

In *Edison* v. *Keene,* 262 Mich. 611, we followed the
rule laid down in the *Bowmaster Case* and held that
where a truck driver stopped on the pavement in
the State of Indiana to render assistance to the
driver of a disabled truck ahead of him, there was
an emergency within the meaning of the Indiana
statute (3 Burns Ann. Indiana Statutes 1926,
§ 10150) prohibiting parking on the pavement except
in cases of emergency. Defendant was relieved from
liability to the driver of an automobile which col-
lided with the rear of the parked truck.

In each of these cases there existed circumstances
which necessitated conduct which would otherwise
have been negligent and illegal. In each instance
the stopped car was lighted as required by law, as
was defendant's ambulance. In the case here under
consideration testimony was received showing that
Clock knew the road and that he could have turned
around in any driveway nearby before loading the
plaintiff into the ambulance. Appellant contends
that it was inadvisable to waste time in turning, as
he did not know the direction it was necessary for
him to take until he ascertained plaintiff's condition.
He also claims that the question of whether the
road shoulder would support the weight of the am-
bulance influenced his decision to stop partly on the
highway.

We think it is clear from the testimony that Clock
properly understood his duty, which was to give
aid to the injured man at the earliest possible
moment. In so doing, he was justified in stopping
his ambulance as near as possible to the plaintiff,
even though it was necessary to be on the wrong
side of the road. The trial court concluded that
appellant should have stopped on the right side of
the highway, either in back or in front of the

sheriff's car. Defendant had no knowledge of plaintiff's condition. He might have been in such condition that the delay in carrying him across the road, especially if prolonged by passing traffic, would have cost his life. After taking the necessary precaution to warn oncoming traffic by leaving his lights burning, he had a right to rely on the presence of the deputy sheriff who, according to his testimony, would have handled the traffic as soon as he had ascertained whether plaintiff was alive or dead. Unfortunately, defendant Greiner arrived before the deputy had an opportunity to place himself in a position to direct traffic. Greiner's negligence was the cause of the accident.

The judgment is reversed as to defendant Tiede Clock, with costs to appellant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.