MARTH *v.* LAMBERT.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

On appeal from a judgment for defendant *non obstante veredicto*, the evidence must be viewed in the light most favorable to plaintiff.

2. AUTOMOBILES—PARKING ON PAVEMENT—STOPPING FOR EMERGENCY PURPOSES.

Notwithstanding statutes relative to prohibition of parking on the beaten track or paved surface of a highway outside the limits of any village or city, a car may be stopped on the highway for various emergency purposes (1 Comp. Laws 1929, §§ 4693[s], 4718).

3. SAME—STOPPING ON HIGHWAY—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether or not motorist was guilty of contributory negligence in stopping his car so that it occupied about 5½ feet of the righthand lane of a 3-lane, 33-foot highway, at 1:30 a. m., in order to ascertain what was wrong with car which ceased to have pulling power *held*, a question for jury in action against defendant motorist who overtook and, as he passed, injured plaintiff after he had alighted from his car so parked (1 Comp. Laws 1929, §§ 4693[s], 4718).

4. SAME—MOTORIST WHO HAS ALIGHTED CONSIDERED A PEDESTRIAN.

Motorist who alights from his car after he stops it on the pavement outside of a village or city occupies the same relation to traffic as any other pedestrian.

5. SAME—PEDESTRIANS.

Pedestrians have equal rights on highways with motorists and, where beaten path is wide enough for several vehicles to pass, former have right to assume they will not be run down and may not always have to get completely off traveled portion of highway.

6. SAME—PEDESTRIAN'S ASSUMPTIONS AS TO USE OF DUE CARE BY MOTORIST.

Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their pro-

tection, but they may not rest content on that assumption and take no care for their own safety.

7. SAME—PEDESTRIANS—PRESUMPTION THAT MOTORIST WILL USE DUE CARE.

A pedestrian has a right to rely upon the presumption that a motorist will exercise due care and is not, as a matter of law, required to look back for approaching vehicles.

8. SAME—PARKING ON PAVEMENT—STANDING BESIDE CAR—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether or not motorist was guilty of contributory negligence in standing at side of rear of his car which he had stopped at 1:30 a. m. so that it occupied 5½ feet of righthand lane of 3-lane, 33-foot highway in order to measure contents of gasoline tank with hammer handle *held*, question for jury in action for personal injuries, where evidence shows that plaintiff, but not his car, was hit by defendant who approached from rear at speed of 60 miles an hour and when 200 feet from plaintiff latter saw defendant in center lane (1 Comp. Laws 1929, §§ 4693[s], 4718).

9. APPEAL AND ERROR—VOIR DIRE EXAMINATION—INSURANCE—GOOD FAITH OF COUNSEL.

If the question of insurance is not brought into an automobile accident case on the *voir dire* examination for the purpose of influencing a jury, it is not reversible error, the matter depending upon the good faith of counsel.

10. SAME—VOIR DIRE—INSURANCE—GOOD FAITH—EXCESSIVE VERDICT.

Question on *voir dire* examination as to whether jurors had automobiles insured with a certain mutual automobile insurance company *held*, not reversible error where plaintiff made no further reference to insurance, court is unable to say question was asked in bad faith, and verdict does not reflect excessive damages.

BUTZEL, C. J., and WIEST and NORTH, JJ., dissenting.

Appeal from Bay; McCormick (James L.), J. Submitted June 16, 1939. (Docket No. 63, Calendar No. 40,468.) Decided October 20, 1939. Rehearing denied December 20, 1939.

Case by Harrison Marth against Fred Lambert for personal injuries sustained when he was struck

by defendant's automobile. Verdict for plaintiff.
Judgment for defendant *non obstante veredicto.*
Plaintiff appeals. Reversed and judgment ordered
entered for plaintiff.

*Bernard S. Frasik (Samuel H. Werner,* of counsel), for plaintiff.

*Arthur J. Kinnane,* for defendant.

*Kelley, Sessions, Warner & Eger, amici curiæ,* on
application for rehearing.

BUTZEL, C. J. (*dissenting*).  On June 9, 1937, at
about 1:30 a. m., plaintiff was driving his 1929 Chevrolet in a northerly direction from Bay City, Michigan, on U. S. highway No. 23, a three-lane highway.
Some distance before he reached a point known as
Brissette's Corners, the engine began to sputter and
lose its pulling power.  Plaintiff did not stop immediately, nor did he stop when he reached Brissette's Corners where, on a hard surface and off the
road, ample space was available for examination of
his car.  He continued a distance of about 400 feet
further at which point he drove the two right wheels
of the car off the road.  He did not, however, remain
on the shoulder because, he claims, he feared the
shoulder was soft and that the wheels of the car
were settling.  He then attempted to drive back onto
the highway, but the car had lost its pulling power.
It came to rest with the two front wheels and the
left rear wheel on the right lane of the highway.  The
right rear wheel remained slightly off the road, although defendant claimed that the car was completely on the pavement.  Each lane of US–23 at that
point is 11 feet wide and separated by a black line;
the car extended 5½ feet into the highway.

Plaintiff thought that he might have exhausted his
gasoline supply and went to the gasoline tank in the
back of the car to inspect it.  According to his testi-

mony, which we accept as true since a judgment *non obstante veredicto* was directed for defendant, he observed that the highway was free of traffic with the exception of a car being also driven in a northerly direction by defendant and which appeared to plaintiff to be about a quarter of a mile away. When defendant was approximately 200 feet from him, plaintiff claims that he observed him traveling in the middle lane. Plaintiff did not look again but turned to measure the gasoline with the handle of a hammer. Plaintiff's son, who was also in the car, testified that when only 60 feet from the parked car, defendant swerved onto the right lane and then turned back quickly toward the center lane. Plaintiff was apparently standing slightly to the left of the left rear corner of his car with his back toward the oncoming car. He was caught by the handle of the right rear door of defendant's car, thrown down, and seriously injured. Plaintiff's car was untouched. The jury awarded plaintiff substantial damages. The judge, who had taken defendant's motion for a directed verdict under consideration, subsequently granted the motion for judgment *non obstante veredicto* on the ground that plaintiff was guilty of contributory negligence in unlawfully parking his car on the highway. He intimated that plaintiff was likewise negligent in not looking out for approaching cars on the highway.

Plaintiff parked his car on the paved surface of a highway outside the limits of a village or city. This was in defiance of the motor vehicle law, 1 Comp. Laws 1929, § 4718 (Stat. Ann. § 9.1586). "Parking" is defined by statute as standing a vehicle upon a highway when not loading or unloading, except when making necessary repairs. 1 Comp. Laws 1929, § 4693(s) (Stat. Ann. § 9.1561). It is true that the legislature has indicated no standard of care, and

we have held that in certain cases circumstances may exist which necessitate parking on the highway, thus justifying conduct which would otherwise be negligent and illegal. *Russo* v. *City of Grand Rapids,* 255 Mich. 474; *Bowmaster* v. *William H. DePree Co.,* 258 Mich. 538; *Edison* v. *Keene,* 262 Mich. 611; *Ozga* v. *Clock,* 266 Mich. 58. But this record does not disclose, however, any reasonable justification for plaintiff's actions. He had notice of the sputtering engine for a considerable distance and although he could have stopped at Brissette's Corners to determine its cause, he continued and then left his car standing on the highway as he went around to the back to inspect his fuel supply. There may have been necessity for stopping the car to ascertain the cause of the engine trouble, as .the trial court pointed out, but there was no necessity for stopping on the pavement for that purpose. The failure of the engine did not prevent plaintiff from driving to a position of safety at the side of the pavement, but, according to plaintiff's own testimony, the failure simply prevented him from driving the right rear wheel of the car back onto the highway after he had driven onto the shoulder. It is undisputed that the shoulder was dry, firm and altogether suitable at the time of the accident for parking the car. Plaintiff drove onto it momentarily and then returned to the pavement without making any proper inspection of its condition. Under such circumstances the standing of the vehicle on a main trunk highway in the nighttime was a clear failure to use due care.

Having negligently placed himself and his car in a position of danger, plaintiff continued in his carelessness. Seeing defendant's car traveling at 60 miles per hour, as plaintiff's testimony showed, he deliberately turned his back when the vehicle was 200 feet from him. At that speed, the trial court

stated that it would have been a physical impossibility for defendant to have swerved from the center lane to the right lane and then back to the center lane within the short space of 60 feet as plaintiff's son testified that he had done. The judge correctly reasoned:

"If defendant was driving straight down the highway, plaintiff must have been standing some distance to the left of his car and in an unsafe position. If defendant was driving in the righthand lane and was turning to the left at the time of the impact, what the plaintiff actually saw when he ceased his observations would not have justified turning his back and paying no further attention."

At 60 miles an hour, it would take only two-thirds of a second to go 60 feet. Obviously, a pedestrian on a highway is required to use reasonable intelligence for his own protection. He cannot expect such protection by not continuing to look when standing alongside the rear fender of an automobile which itself is negligently and unlawfully parked on the pavement.

We need not discuss the alleged error in plaintiff's injecting the insurance question before the jury at the beginning of the case. If plaintiff had watched defendant's approaching car, a single step would have enabled him to avoid being hit. There can be no doubt that his disregard for his own safety substantially and proximately contributed to the accident which befell him. Plaintiff's car was a dark color, and, although the night was clear, was apparently not too readily observable. From all the facts and circumstances, we believe that plaintiff showed beyond any doubt that he was guilty of contributory negligence; no jury question was presented, and the judge properly entered judgment *non obstante*

*veredicto* which should be affirmed, with costs to defendant.

WIEST and NORTH, JJ., concurred with BUTZEL, C. J.

SHARPE, J.  I am not in accord with the opinion of Mr. Justice BUTZEL. Citation of authority is unnecessary to establish the rule that on appeal from a judgment *non obstante veredicto* in favor of the defendant, the evidence must be viewed in the light most favorable to plaintiff.  Under the application of the above rule we find that the accident happened about 1 :30 a. m., on June 9, 1937, on a highway known as US–23.  The highway at the scene of the accident consisted of three lanes, each lane being 11 feet wide.  Plaintiff was traveling north; and at a point about one mile south of the scene of the accident, the motor of plaintiff's car began to sputter; and at a point about 400 feet from the scene of the accident, the motor began to lose its pulling power.

As the motor continued to lose its pulling power, plaintiff pulled his car to the right so that the two right wheels were on the shoulder of the highway. Plaintiff's car stopped in the easterly lane and in such a position that the car occupied about 5½ feet of the 11-foot strip of pavement, thus leaving about 27½ feet of the pavement directly west of the car free and clear for the passage of other vehicles. When plaintiff's car stopped, he stepped out of the left-hand door and went around to the left rear end of his car and stopped there with a hammer in his left hand for the purpose of measuring his gasoline. At this point his body extended about six inches west or outside to the westerly edge of his car.  As plaintiff stepped out of his car, he noticed defendant's car approaching from the south a quarter of a mile away.  When defendant was approximately 200 feet

away, plaintiff observed him to be traveling in the center lane of the highway. Plaintiff then turned to his gasoline tank to measure the gasoline. As defendant came within 60 feet of plaintiff, defendant's car swerved towards plaintiff's car and as defendant's car swerved out toward the center of the road again, the door handle of defendant's car hooked plaintiff and threw him against the left rear of his car.

But two questions are presented on this appeal. The first involves 1 Comp. Laws 1929, § 4718 (Stat. Ann. § 9.1586), which provides:

"It shall be unlawful to park a vehicle on the beaten track or paved surface of any highway outside the limits of any village or city."

And 1 Comp. Laws 1929, § 4693 (s) (Stat. Ann. § 9.1561 [s]), which provides:

" 'Parking.' Standing a vehicle, whether occupied or not upon a highway, when not loading or unloading except when making necessary repairs;"

We have recognized the right to stop a vehicle on the highway for various emergency purposes. See *Bowmaster v. William H. DePree Co.*, 252 Mich. 505; *Bowmaster v. William H. DePree Co.*, 258 Mich. 538; *Edison v. Keene*, 262 Mich. 611; *Ozga v. Clock*, 266 Mich. 58; *Russell v. Szczawinski*, 268 Mich. 112; *Johnson v. Fremont Canning Co.*, 270 Mich. 524.

In the case at bar, plaintiff stopped his car partly on the highway for the purpose of ascertaining the trouble he was having with his car, and the making of such necessary repairs as would enable him to proceed a few miles further to his home. Under such circumstances, I am unable to say that he was guilty of contributory negligence as a matter of law.

The next question presented is whether or not the actions of plaintiff, after stopping his car, make him

guilty of contributory negligence as a matter of law. When plaintiff alighted from his car to examine the gasoline tank, he then stood in the same relation to traffic as any other pedestrian.

In *Lapachin* v. *Standard Oil Co.*, 268 Mich. 477, we said:

"In the case of *Reynolds* v. *Knowles,* 223 Mich. 70, 76, and again in the case of *Lawrence* v. *Bartling & Dull,* 255 Mich. 580, 582, this court cited with approval the following quotation from a recognized authority on automobile law:

" 'When one is standing in the street in a place where he has a right to be, or is walking along the highway, he can properly assume that the driver of a motor vehicle will not run him down, but will avoid contact with him. And he may also assume that the driver of an approaching machine will give a signal of warning so that an accident may be avoided. Huddy on Automobiles (5th Ed.), pp. 593, 594.' (See 5–6 Huddy, Cyclopedia of Automobile Law (9th Ed.), pp. 132, 133.)

"In *Eames* v. *Clark,* 104 Kan. 65, 71 (177 Pac. 540), it was said:

" 'Foot travelers have equal rights upon the highway with drivers of vehicles, and the usual statement of their obligation is that they must use what amounts to reasonable care in the particular circumstances (note 51 L. R. A. [N. S.] 992). * * * Where the beaten track is wide enough for several vehicles to pass * * * there can be no hard and fast rule that pedestrians must get completely outside of the highway or of the traveled portion of it.' "

In *Tio* v. *Molter,* 262 Mich. 655, we said:

" 'Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection, but they may not rest content on that assumption and take no care for their own safety.' *People* v. *Campbell* (syllabus), 237 Mich. 424.

" 'One traveling along on crossing a street or highway is not necessarily required to look back for the approach of vehicles; if struck by an auto coming behind him, his negligence presents a jury question.' 5–6 Huddy, Cyclopedia of Automobile Law (9th Ed.), § 84, citing many cases."

In *Pearce* v. *Rodell,* 283 Mich. 19, 34, we said:

"A pedestrian has a right to rely upon the presumption the driver of an automobile will exercise

due care and is not, as a matter of law, required to look back for approaching vehicles.''

In the case at bar, plaintiff first noticed defendant's car approaching from the south a quarter of a mile away. Plaintiff next saw defendant's car when it was approximately 200 feet away. At this time, defendant's car was traveling in the middle lane of the highway. In our opinion, plaintiff had the right to assume that defendant's car would continue to travel in the middle lane of the highway.

Whether plaintiff should have taken further steps for his personal safety presents a jury question. We cannot say he was guilty of contributory negligence as a matter of law.

It also appears that plaintiff's attorney asked jurors on *voir dire* whether any of them "had automobiles that were insured with the Frankenmuth Mutual Automobile Insurance Company," whereupon defendant moved for a mistrial. This motion was denied by the trial court. Defendant now urges that the trial court was in error in denying defendant's motion for a mistrial.

In *Harker* v. *Bushouse,* 254 Mich. 187, we said:

"We have held in previous cases that if the question of insurance is not brought into the case on the *voir dire* examination for the purpose of influencing a jury, it is not reversible error. The entire question depends upon the good faith of counsel. * * * It, however, will result in error if a question in regard to insurance is not asked in good faith but for the purpose of inflaming or prejudicing the minds of the jury.''

For other cases upon this subject see: *Link* v. *Fahey,* 200 Mich. 308; *Church* v. *Stoldt,* 215 Mich. 469; *Greenwold* v. *Faber,* 234 Mich. 217; *Sutzer* v. *Allen,* 236 Mich. 1; *Oliver* v. *Ashworth,* 239 Mich. 53; *Holloway* v. *Nassar,* 276 Mich. 212.

In the case at bar, counsel for plaintiff made no further reference to insurance. We are unable to say that the question was asked in bad faith, nor does the verdict reflect excessive damages.

We have considered certain questions raised by defendant, but in our opinion the ruling of the trial judge did not constitute prejudicial error.

The judgment is reversed and a judgment will be entered for plaintiff in the amount found by the jury. Plaintiff may recover costs.

Bushnell, Potter, Chandler, and McAllister, JJ., concurred with Sharpe, J.