BURNASH v. COMPTON.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—
EVIDENCE.

> On appeal from a judgment for defendant *non obstante veredicto*,
> the evidence must be viewed in the light most favorable to
> plaintiff.

2. AUTOMOBILES—PEDESTRIANS—WARNING.

> When one is standing in the street in a place where he has a
> right to be, or is walking along the highway, he can properly
> assume that the driver of a motor vehicle will not run him
> down but will avoid contact with him and he may also assume
> that the driver will give a signal of warning so that an ac-
> cident may be avoided.

3. SAME—PEDESTRIANS—WRONG SIDE OF STREET.

> A pedestrian is not bound to anticipate that a motorist would
> drive on the wrong side of the street.

4. SAME—PEDESTRIANS—CROSSING BUSY STREET—NEGLIGENCE.

> A pedestrian, attempting to cross a busy street, who waits for
> traffic coming one way to pass him, goes to middle of the
> street and waits for traffic coming from opposite direction
> to pass him, is not guilty of negligence as a matter of law.

5. SAME — PEDESTRIANS — CONTRIBUTORY   NEGLIGENCE — EVIDENCE
—WRONG SIDE OF ROAD—SPEED.

> Pedestrian was not guilty of negligence as a matter of law
> when he attempted to cross street at 9:30 p.m. on a Decem-
> ber evening at usual place for crossing, a fact known to de-
> fendant motorist, had seen no traffic approaching from right,
> and had reached a place about two feet from center as he
> watched for traffic from his left when struck, as he began
> looking to right, by defendants' car driven in excess of city
> speed limit and at least partially on wrong side of road.

Appeal from Genesee; Gadola (Paul V.), J.  Sub-
mitted April 16, 1941.  (Docket No. 69, Calendar
No. 41,563.)  Decided June 2, 1941.

Case by Sim Burnash against Jenevieve E. Comp-
ton and Lewis P. Compton for personal injuries sus-

Function of court and jury on the question of contributory negli-
gence, see 2 Restatement, Torts, § 476.
    That an actor, in the absence of some reason to believe otherwise,
should expect others to obey laws and conform to the standards of
conduct prescribed by them, see 2 Restatement, Torts, § 290 and com-
ment (n).  Also, see § 285, comment f, illustration 3.

tained when he was struck by an automobile. Verdict for plaintiff. Judgment for defendants *non obstante veredicto.* Plaintiff appeals. Reversed and judgment ordered entered on verdict.

*Paul O. Strawhecker,* for plaintiff.

*Guy W. Selby,* for defendants.

SHARPE, C. J.   Plaintiff brought an action against defendant to recover damages for injuries received by being struck by a motor vehicle owned by defendant Jenevieve E. Compton and driven by her son, Lewis P. Compton.

The accident occurred about the hour of 9:30 p.m., of December 23, 1939, while plaintiff was crossing Industrial avenue in the city of Flint. Industrial avenue runs north and south. St. Johns street runs diagonally northeast and southwest and dead-ends into Industrial avenue. At the intersection of St. Johns street and Industrial avenue, there is located a flagman's shanty. On the evening in question plaintiff was on duty as the flagman. At about the hour of 9:30 p.m., he had occasion to cross Industrial avenue. On the west side of Industrial avenue and across from the flagman's shanty, there are several stores and buildings; and on this occasion a car was parked at the curb on the west side of the street nearly opposite the shanty. About this time, defendant Lewis P. Compton, driving his mother's car, was traveling south on Industrial avenue and as he was about to turn out and pass the parked car he came in contact with plaintiff who was crossing the street. Plaintiff was severely injured as a result of the collision.

The cause came on for trial and a jury rendered a verdict in favor of plaintiff in the sum of $5,500. Subsequently, defendants made a' motion for judg-

ment notwithstanding the verdict and the same was granted by the trial court.

Plaintiff appeals. The only question in this case may be stated as follows: Was plaintiff guilty of contributory negligence as a matter of law?

"Citation of authority is unnecessary to establish the rule that on appeal from a judgment *non obstante veredicto* in favor of the defendant, the evidence must be viewed in the light most favorable to the plaintiff." *Marth* v. *Lambert,* 290 Mich. 557, 563.

With this rule in mind, we find that plaintiff produced evidence to show that Industrial avenue runs north and south; that it intersects with St. Johns street; that a flagman's shanty is located between the angle of the intersection and near the point of the V; that Industrial avenue at the place where the accident occurred is 26 feet wide; that 170 feet north of the shanty, Industrial avenue angles approximately 15 degrees to the east; that the width of the car parked on Industrial avenue is 5 feet 11 inches; that there is a four-foot sidewalk on the west side of Industrial avenue; that there is no sidewalk on the east side of Industrial avenue; that people traveling southwest on St. Johns street intending to cross to the west side of Industrial avenue usually cross a little to the north of the shanty; that Lewis P. Compton, the driver of the car involved, was familiar with the location of the crossing and knew that this was the usual place for pedestrians to cross; that on the night in question, plaintiff went to the east curb of Industrial avenue, stopped, and looked to the north, and, seeing no lights of cars approaching from that direction, looked to the south and saw that no cars were approaching from that direction; that he then stepped into Industrial avenue and continued to look south for northbound

traffic; that he continued across Industrial avenue until he got approximately two feet from the center of the avenue; that he then looked to the north and saw the lights of defendant's car which seemed right on him.

Plaintiff testified: "I had no time to think of doing anything but just make a hop; then I don't remember anything else, that's the last thing I know."

There is evidence that defendant's car was traveling in excess of the speed limit and was partly on the east side of Industrial avenue, at the time of the accident; that when defendant's car came to rest, after hitting plaintiff, its right rear wheel was approximately opposite the front bumper of the car parked at the west curb; that at that time there was a distance of three or four feet between the right rear fender of defendant's car and the left side of the parked car; that as a result of the accident, plaintiff's legs were broken; that he suffered other injuries, and is now totally disabled; that plaintiff was 69 years old at the time of the accident; and that prior to the accident plaintiff had earned $83 a month.

In the case at bar, plaintiff attempted to cross the street in the middle of the block. It is urged by defendants that at the time of the impact plaintiff was nearly across the street, and that having placed himself in that position he is guilty of contributory negligence as a matter of law.

In deciding this case we must assume that at the instant of impact, plaintiff had not reached the center line of Industrial avenue. *Marth* v. *Lambert, supra.*

In *Lapachin* v. *Standard Oil Co.,* 268 Mich. 477, 481, this court quoted with approval from Huddy on Automobiles (5th Ed.), pp. 593, 594, as follows:

"When one is standing in the street in a place where he has a right to be, or is walking along the

highway, he can properly assume that the driver of a motor vehicle will not run him down, but will avoid contact with him. And he may also assume that the driver of an approaching machine will give a signal of warning so that an accident may be avoided.''

Nor is a pedestrian bound to anticipate that an automobile driver would drive on the wrong side of the street. *Sanderson* v. *Barkman,* 264 Mich. 152; *Marth* v. *Lambert, supra.; De Vries* v. *Owens,* 295 Mich. 522.

In *Carter* v. *C. F. Smith Co.,* 285 Mich. 621, 625, we said:

''A pedestrian attempting to cross a busy street or highway must frequently wait for traffic coming one way to pass him, then go to the middle of the street and wait for traffic coming from the opposite direction to pass him, and if he does so he is not guilty of negligence as a matter of law.''

In our opinion, plaintiff was not guilty of contributory negligence as a matter of law. He had a right to expect that any car traveling on a public highway would not exceed the speed limit and would travel on its proper side of the highway. The observations and actions by plaintiff in crossing the street were such that the issue of his negligence was a question of fact and properly submitted to the jury.

The judgment of the trial court is reversed and a judgment will be entered in the amount found by the jury, with costs to plaintiff.

BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.