**Dorothy McVICKERS, Plaintiff,**

v.

**CHESAPEAKE AND OHIO RAILWAY COMPANY, a Virginia corporation, Defendant.**

**Civ. No. 20849.**

United States District Court
E. D. Michigan, S. D.
June 21, 1961.

Goodman, Crockett, Eden, Robb & Philo, Detroit, Mich., for plaintiff.

Robert A. Straub, James R. Gannon, Detroit, Mich., for defendant.

KAESS, District Judge.

Plaintiff's husband was injured as a result of a collision involving a truck-trailer combination, driven by plaintiff's husband, and one of defendant's railroad trains, at a public grade crossing on U. S. Highway 20 two and one-half miles west of Michigan City, in the State of Indiana. Plaintiff alleges that, as a result of the negligence of defendant, her husband sustained serious injuries and she thereby has been deprived of the "care, assistance, society and consortium of her husband". Defendant has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., claiming that plaintiff has failed to state a claim against this defendant upon which relief may be granted.

The parties agree that if Indiana law applies plaintiff does not have a cause of action. Burk v. Anderson, Ind.1952, 109 N.E.2d 407. Whereas if Michigan law applies, plaintiff has an independent right to recover for her loss of consortium. Montgomery v. Stephan, 1960, 359 Mich. 33, 101 N.W.2d 227.

■ Edison v. Keene, 1933, 262 Mich. 611, 247 N.W. 757, involved collision in the State of Indiana. The court, 262 Mich. at page 613, 247 N.W. at page 758, said:

"The collision having occurred in the State of Indiana, the general rule is that all matters relating to the right of action are governed by the laws of that state, and all matters relating purely to the remedy to the laws of the state in which the action is brought."

This rule conforms with the prevailing American view that the existence of the cause of action is determined by reference to the substantive law of the place of the wrong or tort. See Stumberg, Principles of Conflict of Laws, Chapter 7 (The Foundation Press Inc. 1951).

Plaintiff argues that the place of the tort must refer to the place she suffers the injurious effects of defendant's negligent action. Since plaintiff suffered

her loss of consortium in Michigan, her residence, the laws of Michigan, it is argued, must apply under the above rule. We cannot accept this argument.

■■ It is basic tort law that wrong without damage does not constitute a good cause of action, 52 Am.Jur., Torts § 6. Thus where an act in one state results in injury in a second, the second state is often controlling as "the place of the tort" in determining the law applicable. In Principles of Conflict of Laws, supra, at page 186, Professor Stumberg states the rationale of this rule as follows:

"But it is believed that the real underlying reason for designating the place of the harmful effect is that under the common law a tort consists of an accumulation of events the cumulative effect of which is to create liability; conduct and a force set in motion thereby do not of themselves do this, since ordinarily there is no liability until the force has injurious effect. The very fact that there is no tort without the injurious effect readily leads to the conclusion that in the process of selecting the proper law to determine liability for a foreign tort, it becomes the outstanding factor * *."

■ In this case, however, although plaintiff's cause of action is independent, it is no less derived from the elements of the accident and the injury to her husband, both of which occurred in Indiana. Plaintiff's possible right of action resulted immediately upon the injury to her husband. She did not have to, for instance, eat poisoned candy sent from another state, or rely on fraudulent representations as recited in a letter posted in another state.

Just as plaintiff must prove all the causal factors concerning the accident under Indiana law, so too should she be bound by the law of Indiana upon the derivative effects of the accident upon her. All of the elements of the possible

injury to the plaintiff were *completed* in Indiana and the law of that state should control in this matter.

Judgment may be entered for defendant.