### LANDON v. LaCOMBE

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ILLEGALLY PARKED AUTOMOBILE.

Finding of trial court that plaintiff was barred by his contributory negligence from recovering from defendant for being struck by defendant's automobile *held*, proper where plaintiff parked his automobile facing west in the eastbound lane of a traveled highway with its headlights on near the disabled automobile of a friend and had gotten out of his automobile to help the friend, there being no showing that there was an emergency or that there was not ample room to park elsewhere nearby (CLS 1961, § 257.672 as amended by PA 1963, No 207).

2. AUTOMOBILES—NEGLIGENCE—SUBSEQUENT NEGLIGENCE.

Refusal of trial court to allow plaintiff to recover on the theory of defendant's subsequent negligence *held*, proper where plaintiff failed to establish at trial that his negligence had ceased before the accident and that he was in a position of .peril from which he could not extricate himself, and it was not established that defendant did see plaintiff' or could, while exercising reasonable care, have seen plaintiff in time to avoid striking him.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 230, 232, 361.
8 Am Jur 2d, Automobiles and Highway Traffic § 824.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 378.
8 Am Jur 2d, Automobiles and Highway Traffic § 824.

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 May 7, 1969, at Lansing. (Docket No. 4,121.)   Decided May 29, 1969.

Complaint by Lacerne Landon and Lewis Landon against Allen LaCombe for damages resulting from Lewis Landon being struck by defendant's automobile. Judgment of no cause of action. Plaintiff appeals. Affirmed.

*Badgley, Domke, McVicker & Marcoux* (*Jerome A. Susskind* and *John H. Schomer,* of counsel), for plaintiff.

*Anderson, Patch, Potter & Patch,* for defendant.

BEFORE: LESINSKI, C. J., and QUINN and DANHOF, JJ.

DANHOF, J.   This action was brought to recover damages for injuries sustained in an automobile accident which occurred on an east-west two-lane country road at about 7:30 p.m. on March 16, 1963.   It was misty, foggy, and dark at the time of the accident; there was some snow on the shoulder of the highway, but there was ample place to park in the vicinity of the accident off the traveled portion of the road.

Plaintiff, Lewis Landon, had approached from the rear the automobile of James Mulnix which had run out of gas and which was partially on the traveled portion of the road facing east; the taillights of the Mulnix automobile were operating.   Landon sought gasoline and when he returned, he parked on the south side of the highway facing west toward any oncoming traffic.   He backed his vehicle up to

a point within 3 to 6 feet of the rear of the Mulnix vehicle. He left his headlights on, opened the left front door, got out and helped pour gasoline into the gas tank in the rear of the Mulnix car. Landon's fiancee remained in the vehicle which was facing toward approaching traffic. No one was posted to warn of any oncoming cars.

Defendant approached the two automobiles from the west in the south lane. Mulnix's car was apparently obstructed from view by Landon's vehicle which had the left door open. Defendant testified he could not tell whether the headlights were coming at him; as he came closer, he then determined that the plaintiff's vehicle was on his side of the road. He pulled to the right to attempt to avoid a collision and went into the ditch on the south side; but before coming to a stop, he proceeded east to the point where he struck plaintiff in the leg and also the right rear of the Mulnix car.

In the appeal from the no cause of action judgment, plaintiffs assert that the lower court erred in finding Landon contributorily negligent in parking on the left side of the highway with the headlights operating, citing *Bowmaster* v. *William H. DePree Co.* (1930), 252 Mich 505. Also, plaintiffs assert the trial court erred in failing to apply the doctrine of subsequent negligence, contending that Landon's negligence, if any, had come to rest.

An examination of *Bowmaster* v. *William H. DePree Co., supra,* which was reviewed by the Supreme Court a second time (see *Bowmaster* v. *William H. DePree Co.* [1932], 258 Mich 538), and the line of cases which have applied the *Bowmaster* holding where there was an accident involving an automobile parked on the highway allegedly in violation of MCLA § 257.672 (Stat Ann 1969 Cum Supp § 9.2372),

discloses the trial court did not err in finding plaintiff negligent under the facts of this case. Unlike the facts in *Bowmaster, Edison* v. *Keene* (1933), 262 Mich 611, and *Ozga* v. *Clock* (1934), 266 Mich 58, there was no necessity or emergency; it was not therefore reasonable to park as he did, obstructing the lane and the red taillights of the Mulnix automobile, especially when there was ample room to park nearby. The headlights, unlike in *Bowmaster*, which occurred in the daytime, did not provide a warning on this dark, foggy night; rather, the lights misled the defendant, causing him to drive off the south side of the road when he approached the vehicle in his lane.

Furthermore, the trial court properly concluded that the facts of this case do not support the application of the doctrine of subsequent negligence. Plaintiff did not establish at trial and has not shown on appeal that his negligence had in fact ceased prior to the accident and that he was in a position of peril from which he could not extricate himself. Also, it has not been established that defendant did in fact see plaintiff, or could have seen plaintiff while exercising reasonable care, in time to avoid striking him, as plaintiff was obstructed from view by his vehicle which defendant avoided hitting. See *Krouse* v. *Southern Michigan Railway Co.* (1921), 215 Mich 139, and *Shafkind* v. *Kroll* (1962), 367 Mich 42, for a discussion of subsequent negligence.

Affirmed, costs to defendant.

All concurred.