LINK *v.* FAHEY.

1. TRIAL—JURY—VOIR DIRE EXAMINATION—CHALLENGES—APPEAL AND ERROR—WAIVER.

In an action for damages against the owner of an automobile, where plaintiff's counsel in the *voir dire* examination inquired of each juror if he owned an automobile, if it was insured, and if he was a member of the Citizens' Mutual Automobile Insurance Co., said examination apparently being in good faith, and counsel for defendant, after examining the jury, passed them for cause, and both sides announced themselves satisfied with the jury, and the record does not disclose that counsel for defendant exercised any of his peremptory challenges or preferred any request to charge upon the subject, any error in the examination is *held*, to have been waived.

2. EVIDENCE—HEARSAY—RES GESTÆ — ADMISSIONS — APPEAL AND ERROR—AUTOMOBILES.

In an action against the owner of an automobile for damages caused by a collision with a motorcycle on a public highway, where witnesses were permitted to testify as to what was said by the driver and the occupants of the automobile, a few minutes after the accident occurred, in the nature of admission of responsibility for the accident, where, independent of said testimony, plaintiff had sustained his theory of the case by a clear preponderance of the evidence, its admission, even if erroneous, *held*, not prejudicial. OSTRANDER, C. J., dissenting.

Error to Livingston; Hart, J., presiding. Submitted October 15, 1917. (Docket No. 120.) Decided March 27, 1918.

Case by Henry L. Link against Jeremiah J. Fahey for damages to plaintiff's motorcycle. Judgment for plaintiff. Defendant brings error. Affirmed.

*W. P. Van Winkle & Son* and *L. E. Howlett,* for appellant.

*Francis J. Shields,* for appellee.

Plaintiff brought suit to recover damages growing out of a collision between his motorcycle with sidecar attachment and an automobile belonging to the defendant, driven by his daughter, Kathleen Fahey, and in which at the time of the accident were defendant's wife, another daughter, and a friend. The collision occurred at a point in the highway where a road running in a northeasterly direction intersected a road running east and west. Plaintiff was driving his machine in a northerly or northeasterly direction as he approached the corner and defendant's machine was being operated in a westerly direction. In attempting to turn south the automobile came into collision with plaintiff's motorcycle, on the right-hand or easterly side of the north and south road, at a point very close to the corner.

It was the claim of plaintiff that upon the day in question he was operating his motorcycle in a careful and prudent manner, having it fully under control as he approached the intersection; that he saw the automobile approaching; turned to his right, and finally came to a full stop and that the automobile struck him when his machine was within two feet of the fence along the easterly side of the highway. His testimony as to the manner in which the accident occurred was supported by that of four eyewitnesses who were seated in a dooryard about 13 or 14 rods distant from the point of collision. One other witness who arrived very shortly after the accident and examined the wheel marks left by the motorcycle, testified that at all times said machine was operated to the right of the center of the road going north.

The driver of the automobile gave testimony tending to show that her view of the north and south road was obscured by a field of growing corn and that when she turned to the south she saw plaintiff approaching her at a very rapid rate of speed in the center of the road

and that he swerved to the left. Believing that he intended to pass her on the wrong side, she turned to the left to give him the road, when he swung deliberately in front of her. She further testified that at the time of the collision, the automobile she was driving had come to a full stop. Defendant's story received more or less support from the testimony of the other occupants of the car.

The jury returned a verdict in favor of the plaintiff in the sum of $175.

BROOKE, J. (*after stating the facts*). But two errors are relied upon by defendant:

1st. That there was reversible error committed in the examination of the jurors upon *voir dire*, in that counsel for plaintiff inquired of each juror if he owned an automobile, if it was insured, and if he was a member of the Citizens' Mutual Automobile Insurance Company. Some of the jurors answered one or more of these questions in the affirmative, and one juror was peremptorily challenged by counsel for plaintiff. Counsel for defendant examined the jury and passed them for cause and thereafter counsel for both sides announced themselves satisfied with the jury. The record does not disclose that counsel for defendant exercised any of his peremptory challenges. Upon this point counsel for defendant cites us to the case note from page 153, L. R. A. 1915A (*Egner* v. *Curtis, Towle & Paine Co.*, 96 Neb. 18), touching the question, and rely upon the case of *Swift* v. *Platt*, 68 Kan. 10, where it is said:

"The inquiry should be conducted by pertinent questions asked in good faith and be confined within reasonable limits."

The record is barren of anything tending to show that the inquiry was prosecuted in bad faith; indeed, the circuit judge, in his denial of a motion for new

trial based upon this alleged error, among others, certifies to the contrary. No request to charge upon the subject was preferred and the jury was passed for cause, after the alleged erroneous inquiry had been made. Under those circumstances we must hold that the matter was, in any event, waived within *Roach & Co.* v. *Blair*, 190 Mich. 11, and *Snyder* v. *Mathison*, 196 Mich. 378.

2d. Error is assigned upon the admission of the testimony of several witnesses to the effect that very shortly after the accident, Kathleen Fahey, the driver of the automobile, admitted that she was at fault. Particular objection is urged against the testimony of one Mr. Phylo who did not arrive at the scene of the accident until some 15 or 20 minutes after it had occurred. The court excluded his testimony as to what was said by the passengers in the automobile, but permitted him to testify as to what he heard the driver of the car say. This witness testified:

"The lady that claimed to be driving the car told her mother that there was no use of talking about it because she was to blame, she had no business on that side of the road."

Other witnesses were permitted to testify to what was said by the other occupants of the automobile within five minutes after the accident occurred. In denying a motion for new trial, based upon this, among other grounds, the court said:

"In the above cause the court does not feel that the admitting the testimony of the witness Phylo and the witness Smith as to the statements made by Kathleen Fahey, driver of the automobile, was error. These statements were made by the driver at the time of the occurrence of the collision and before they could be manufactured, and to me were within the rule of *res gestæ* statements. For this reason I do not think the motion for a new trial on this ground is well founded."

Defendant strenuously contends that this evidence

was inadmissible, and its admission reversible error, under the recent cases of *Rogers* v. *Railway Co.*, 187 Mich. 490, *Hyatt* v. *Storage Co.*, 196 Mich. 337, and the cases therein digested. As bearing upon the character of the error in admitting the testimony objected to in the case last above mentioned, this court said:

"One cannot read this record without being impressed with the fact that the testimony here complained of was probably controlling of the verdict in the case, and we think, therefore, that its reception was prejudicial error."

In the case at bar a careful reading of the record impresses us with the belief that no different result would have been reached by the jury if the alleged objectionable testimony had been rejected. Independent of such testimony, plaintiff had sustained his theory of the case, by what appears to us to be a clear preponderance of the evidence. Assuming, then, that the declarations of the driver of the automobile, made soon after the collision, should have been excluded as hearsay or mere narrative of a past event, we are still of the opinion that its admission, even if erroneous, was not prejudicial.

The judgment is affirmed.

BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred with BROOKE, J.

OSTRANDER, C. J. (*dissenting*). There was a collision of vehicles, resulting in some damage, which collision was either a pure accident or was the fault of one or other or both of the drivers. To determine just what took place, those who occupied the vehicles were competent witnesses, and no reason appears for not having called them as witnesses. Instead of this, witnesses were permitted to testify what the occupants of the vehicles, or one of them, including the driver of one of them, said with respect to the matter.

It is elementary that this was hearsay testimony, and not admissible. It goes without saying that it was prejudicial to one of the parties.

Assuming, as I do, that it is the province of a jury called to determine an issue of fact to weigh the testimony, determine the credibility of witnesses, and in other respects to apply to the testimony tests to determine where the truth lies, I think it is not the province of this court, in a case where prejudicial, inadmissible testimony has been admitted, to determine that, independent of that testimony, "plaintiff had maintained his theory of the case by what appears to us to be a clear preponderance of the evidence."

Whether evidence preponderates must, in my opinion, always be a question for the jury.

The judgment should be reversed and a new trial ordered.