GREENWOLD *v.* FABER.

1. TRIAL—MOTOR VEHICLES—SIGNALS—INSTRUCTIONS AS TO SPEED NOT ERROR.

In an action for personal injuries to a pedestrian caused by a collision between two automobiles, where no claim is made that the plaintiff was negligent, and no question

is raised on the record as to the speed of either of the cars, but the issue was between the two defendants as to whether they respectively gave the proper signals, the one to make a left turn and the other to pass him, an instruction properly submitting the issue as to the giving of the signals, and stating that the speed of the cars was not of vital importance, followed by a further instruction as to the speed law and that it might be of more or less incidental importance, *held*, not open to the objection that it eliminated the issue as to whether or not the proximate cause of the accident was the speed at which one of the defendants attempted to pass the other.[1]

2. SAME—QUESTION OF INSURANCE NOT DELIBERATELY BROUGHT IN NOT ERROR—INSTRUCTIONS.

Where it was brought out on *voir dire* examination of a juror that an insurance company was represented by an attorney, and one of the defendants testified that the other one told him that he was insured, but it cannot be said that plaintiff's counsel deliberately brought the subject of insurance into the case for the purpose of prejudicing the jury, there was no such flagrant violation of the rule excluding from the jury knowledge that a defendant carries insurance as to warrant setting aside the judgment for plaintiff, especially in view of the action of the trial judge in striking it out, and his positive instruction to the jury not to consider it at all.[2]

3. NEGLIGENCE—MOTOR VEHICLES—GREAT WEIGHT OF EVIDENCE.

Where the testimony on the issue as to which of two defendants, drivers of automobiles, was negligent in failing to give the proper signal, the one to make a left turn, and the other to pass him, was in direct conflict, it cannot be said that the verdict against the one making the left turn and exonerating the other was against the great weight of the evidence.[3]

Error to Kent; Hawley (Royal A.), J., presiding. Submitted January 12, 1926. (Docket No. 117.) Decided March 20, 1926.

Case by Peter H. Greenwold against Herman W. Faber and another for personal injuries. Judgment

[1]Motor Vehicles, 28 Cyc. p. 49; [2]Juries, 35 C. J. § 439; Liability Insurance, 36 C. J. § 128; [3]Motor Vehicles, 28 Cyc. p. 47.

for plaintiff against defendant Faber.    He brings error.    Affirmed.

*William J. Balgooyen* and *Wykes & Sherk*, for appellant.

*John J. Smolenski*, for appellee.

SNOW, J.    Plaintiff was injured while crossing Seneca street just beyond the corporate limits of the city of Grand Rapids by reason of two automobiles driven by the defendants colliding at the corner of said street and Godfrey avenue.    Both cars had been going north on Godfrey, the defendant Faber in the lead, and defendant Yarbrough following.    As Faber drove into Seneca street where it runs into Godfrey he attempted to turn west, and at the same time Yarbrough attempted to pass him on the left, with the result that the cars came together, and because of the impact plaintiff was struck by Yarbrough's car. Plaintiff brings this action claiming both drivers are at fault, while each of the two defendants attempts by the evidence to justify his conduct, and lays the blame on the other.    No claim is made that the plaintiff was negligent.    Defendant Yarbrough had verdict in his favor, while plaintiff recovered against defendant Faber in the sum of $700, from which he appeals.

The questions involved have to do with instructions to the jury, improper remarks and statements of counsel for plaintiff, and the refusal of the court to grant a new trial because the verdict was against the weight of evidence.    They will be discussed in the order mentioned.

The court instructed the jury:

"It occurs to me, and I so charge you, that the vital or crucial negligence, if any, involved in this case, relates not so much to the rate of speed at which the

cars of the defendants were driven at the time of the accident, although the rate of speed may be incidentally involved, but rather as to whether signals were given by defendant Yarbrough as to his desire to pass the car driven by defendant Faber, and whether defendant Faber heard them or not, and whether he should or would have heard them if he had been exercising his faculties as an ordinarily careful, prudent, and vigilant person would have done under like circumstances. Also whether defendant Faber gave the signals that he claims to have given of his intention to turn to the left at the intersection of Seneca street and Godfrey avenue, and whether those signals were timely and given substantially as the law requires."

Also:

"As I have indicated to you, the speed law, while I do not think it is of vital importance in this case, may be of more or less incidental importance."   *   *   *

Appellant complains of these instructions and argues that thereby was "eliminated from the jury the issue as to whether or not the proximate cause of the accident was the speed at which defendant Yarbrough's car was driven," which is asserted to be the claim of Faber. The record does not disclose that the speed of either of the defendants' cars was in dispute or that Yarbrough was driving at an excessive rate. Whether or not proper signals of the intentions of the respective defendants were given, one to make a left turn, and the other to pass him, was the question in dispute between the two defendants in the attempt of each to put the responsibility of the injury upon the other. The jury was not instructed that the rate of speed of the two automobiles should not be considered at all, but immediately following the instruction complained of the court said further:

"I will state to you that the statute makes provision in regard to the rate of speed as follows:

" 'No person shall operate a motor vehicle upon a public highway at a rate of speed greater than is reasonable and proper,

having regard to the traffic and use of the highway, or so as to endanger the life or limb of any person or the safety of any property, and shall not in any event while upon any highway run at a higher rate of speed than 35 miles an hour.' * * * [Comp. Laws Supp. 1922, § 4817].

"Now, that is the highest rate of speed at which it is lawful in the State of Michigan to operate a motor vehicle, but it is not in accordance with law to run it at that rate of speed providing life and limb would be endangered by running at that rate. The rate of speed must always be reasonable and proper having due regard to the existing conditions at the time and place, the lives and safety of the public being the test and the criterion."

The question as to the speed of the cars of both defendants, in so far as the same was made applicable, was properly submitted.

Appellant further contends that a new trial should be granted because information came to the jury during the trial that he was insured against personal injury. In the examination of a juror on his *voir dire* the following occurred:

"*Q.* Do you know Mr. Balgooyen, the attorney from Muskegon who represents the insurance company, as I understand, here?

"*A.* No.

"*Q.* Do you know Mr. Sherk?

"*A.* No, sir.

"*Mr. Sherk:* Just a moment.

"*Q.* Or Mr. Balgooyen, the attorney from Muskegon?

"*A.* No, sir.

"*Mr. Smolenski:* Is this insurance company of yours mutual?

"*Mr. Sherk:* No. Just a moment. I don't think any reference to an insurance company is proper.

"*The Court:* I don't think so.

"*Mr. Smolenski:* Well, if it is not a mutual company I will not refer to it. I want to know if there are stockholders, if it is a mutual company. I want to ask some questions about who might be stockholders?

"*Mr. Sherk:* Well, if it is of any importance, it is

not a mutual insurance company, but I object to any reference to the insurance company as prejudicial.

"*The Court:* Well, ordinarily, it would be prejudicial. It has nothing to do with the case and the examination of jurors.     If it is a mutual company that would not be a reason for challenge.     That is all.

"*Mr. Smolenski:* It is not a mutual company, as I understand.

"*The Court:* Don't make any reference to it.

"*Mr. Smolenski:* That was the only reference to it.

"*The Court:* The jury are cautioned that it must not in any way be considered in your verdict in this case nor enter into your deliberations in any way, and you have no right to have it in mind.     This suit is between the parties named here in court and not between any others.     You may proceed."

And again while defendant Yarbrough was being examined by plaintiff's attorney as to a conversation with defendant Faber, the following:

"*Q.* What else did he say to you there that day? Did he give you any data or name, his number or anything, any numbers?

"*A.* Yes, he gave me his address and his operator's license number and all that.

"*Q.* What else did he give you?

"*A.* I asked him if he was insured and he said he was.

"*Mr. Sherk:* Just a moment, I ask that that be stricken out as incompetent, irrelevant and immaterial.

"*The Court:* That may be stricken out.

"*Mr. Smolenski:* That will be all.

"*The Court:* I don't think any evidence of that kind should be carried out.     I think counsel ought to be careful about that.     It is very easy to get error into this case by any inquiries of that kind.

"*Mr. Smolenski:* But I did not expect that answer.

"*The Court:* That answer is not competent and the jury must remember that when testimony is stricken out they must not consider it at all at any time.     It is just as if it never had been given.     The object of striking out testimony and getting out anything that is improper is to avoid a reversal of the case in the Supreme Court by getting incompetent, immaterial and

prejudicial matters.    So I have stricken this out, and it must not be considered at all in your considering your verdict or in your deliberations."

It cannot be said that plaintiff's counsel deliberately brought this subject into the case for the purpose of prejudicing the jury against one of the defendants to the benefit of the other, and the trial judge took every precaution to prevent such a prejudice by striking out all reference to it and telling the jury it must not be considered.

There was no such "flagrant violation" here of the rule which excludes from the jury knowledge of the fact that a defendant carries a policy of insurance, as to warrant a setting aside of the judgment. *Morris v. Montgomery*, 229 Mich. 512.

Was the verdict against the weight of the evidence? Appellant contends it was.    Only five witnesses gave testimony as to the happenings at the corner.    The testimony of defendants Yarbrough and Faber, as to what signals or warnings each gave, was in direct conflict.    Yarbrough's testimony was supported in the main by two other occupants of his car, while the testimony of defendant Faber that he signaled for a left turn was supported by that of Mr. Sparks who was in the vicinity and saw both cars, although he did not see them when they came together.    It cannot be said that the weight of the evidence was so overwhelmingly in favor of appellant that the verdict of the jury should be disturbed.

Judgment affirmed.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.