VAN DYKE *v.* KNOLL.

1. TRIAL—VOIR DIRE EXAMINATION—INSURANCE—MOTOR VEHICLES.
   In action for personal injuries received in collision with automobile, plaintiff's counsel may make proper inquiry of jurors on their *voir dire* examination as to their connection with insurance company, if made in good faith.

2. EVIDENCE—MOTOR VEHICLES—INSURANCE—NEGLIGENCE—PROXIMATE CAUSE.
   In action for personal injuries received in collision with automobile, testimony by plaintiff that, on following day, driver stated that he was insured, was inadmissible, since it was not admission of liability, nor did it bear on question of negligence, which was proximate cause of said injuries.

3. Appeal and Error—Motor Vehicles—Insurance—Liability.

Error in admitting testimony by plaintiff, in action against automobile owner, that driver, on following day, stated that he was insured, *held*, prejudicial, in view of comment by trial judge that if said testimony had any bearing on question of liability it was competent.

4. Trial—Witnesses—Cross-Examination—Motor Vehicles—Argument of Counsel.

In action against automobile owner for injuries caused by collision with bobsled, cross-examination of defendant's witnesses, which, in connection with argument by plaintiff's counsel, carried impression that accident would not have happened if automobile had not been driven across ice path and into certain driveway, was prejudicial error, where undisputed testimony shows that accident did not happen when car was being driven into or backed out of said driveway.

5. Negligence—Municipal Corporations—Coasting on Public Street—Reasonable Care.

Where municipal authorities permit coasting on public street, but do not close it to vehicular traffic, those using it are bound to exercise reasonable care commensurate with known use thereof.

Appeal from Kent; Brown (William B.) J. Submitted January 13, 1933. (Docket No. 58, Calendar No. 36,974.) Decided April 4, 1933.

Case by Joan Van Dyke against Martin E. Knoll and another for personal injuries received in a collision with defendants' automobile alleged to be due to defendants' negligence. Verdict and judgment for plaintiff. Defendants appeal. Reversed, and new trial granted.

*Travis, Merrick, Johnson & McCobb (Laurent K. Varnum,* of counsel), for plaintiff.

*Rodgers & Dunn,* for defendants.

NORTH, J. Plaintiff, a young lady 21 years of age, while coasting on a bobsled on Naylor street in the city of Grand Rapids, came in contact with an automobile owned by the defendant Martin E. Knoll, but at the time in charge of his son, Allen Knoll. Upon trial by jury, plaintiff had verdict and judgment. The defendants have appealed.

Naylor street extends in an easterly and westerly direction, and between its intersection with Grandville street and its intersection with Century avenue, a block east of Grandville, there is a downgrade in an easterly direction. The municipal authorities permitted coasting on this section of Naylor street. For this purpose an icy strip about 3 feet in width and about 8 feet from the southerly curb and 13 feet from the northerly curb was formed by sprinkling the snow which had fallen upon this portion of the street. On either side of the ice slide or ice track, as it was called, there was loose snow. The park department of the city of Grand Rapids placed a barrier across the south half of Naylor street at Grandville and the north half at Century avenue about eight feet long, with a lantern hung thereon and a sign reading "Caution, Coasting Allowed." But the street was not closed to vehicular traffic. On the evening of the accident, about eight o'clock, the defendant Allen Knoll drove his father's automobile into the driveway adjacent to the Becker home, where he and a young man companion were calling relative to some matter of business. This driveway is on the southerly side of Naylor street and 150 feet easterly from the top of the hill on which plaintiff was coasting. Having finished his call at the Becker home, Allen Knoll and his companion returned to the automobile, backed the car out of the driveway across the iced track on which

the bobs coasted, and continued in a northwesterly direction until the left rear wheel was against the northerly curb of Naylor street. Plaintiff's proof was to the effect that the bobsled on which she was riding was on its way down hill about 125 feet from the Becker driveway when the Knoll automobile was backed into the street. Defendants' witnesses testified that when the automobile was backed into the street the bobsled was not approaching from the top of the hill; and defendants' witnesses further testified that after stopping the automobile at the northerly curb of the street it was not moved again until after the accident. But plaintiff's witnesses testified that while the car was standing against the curb it was entirely clear of the strip used for coasting, and that as the bobsled approached the point where the automobile had crossed the coasting strip the car started forward a distance of one to three feet. There is some variance as to whether the bobsled pursued a straight course along the icy track or whether as it approached the point of the accident it veered slightly. In any event the sled itself did not come in contact with the automobile, but it did go within such proximity that plaintiff's left limb came in contact with some portion of the auto and with such force that the sled left the icy slide and overturned. None of the other occupants of the sled were injured, but plaintiff received a cut on her left leg below the knee, her ankle was sprained and bruised and one of her arms somewhat injured. The defendants deny being guilty of the negligence charged against them, which in effect was that defendant Allen Knoll drove said automobile into and against the bobsled upon which plaintiff was riding.

Appellants assert that prejudicial error resulted from repeated inquiries by plaintiff's counsel dur-

ing the *voir dire* examination of the jurors as to their being interested in or having stock in an insurance company. Proper practice in this particular has been so recently indicated by decisions of this court that we deem further discussion unnecessary. *Holman* v. *Cole,* 242 Mich. 402; *Palazzolo* v. *Sackett,* 245 Mich. 97; *Harker* v. *Bushouse,* 254 Mich. 187. On this record we are not prepared to say that these inquiries of the jurors were not made in good faith. As a basis of challenging jurors, plaintiff's counsel was entitled to make proper inquiry in this field. But later, plaintiff, as a witness in her own behalf, upon being asked by her counsel what Allen Knoll said to her the day following the accident, replied:

"*A.* He said he was covered with insurance.

"*Plaintiff's counsel:* No, you can't say that.

"*Mr. Rodgers:* Counsel drew that out deliberately, and I renew my motion for a mistrial on the previous ground and—

"*The Court:* She would be entitled to testify to it. What is the idea of being afraid of anything like that? She is entitled to say what he said about the accident. * * * What he said is perfectly competent. * * * When a man has an accident, anything said about, concerning, or pertaining to the accident, after the accident, is admissible, no matter what subject he may refer to if it has any bearing on the accident itself, or the cause of the accident; perfectly admissible.

"*Q. (Plaintiff's counsel):* Just go ahead and tell what he said.

"*A.* He said he was covered with insurance, and he would see the insurance company about it.

"*Mr. Rodgers:* I again ask that that be stricken out and again ask for a mistrial.

"*The Court:* If it has any bearing upon the question of liability it is perfectly competent. It is for

the jury to say. The motion for mistrial is without foundation, and denied."

The statement, if made by Allen Knoll, was not an admission of liability, nor did it bear at all upon the question of his having been guilty of negligence, which was a proximate cause of plaintiff's injuries. It was not relevant or competent testimony as to any issue before the jury. It was unquestionably prejudicial, especially so in view of the understanding the jurors must have had from the trial court's statement:

"If it has any bearing upon the question of liability it is perfectly competent. It is for the jury to say."

Error is assigned upon the cross-examination of defendant Allen Knoll and of Dwight Lamoreaux, who accompanied Knoll at the time of the accident; and error is also assigned upon the subsequent use made of this testimony by plaintiff's counsel in arguing the case before the jury. In part, the cross-examination of Allen Knoll was as follows:

"*Q.* And if you had parked your car at the curb on the north side of Naylor street, it wouldn't have been necessary for you to cross that ice path at all?

"*Mr. Rodgers:* I object to that, incompetent and immaterial. There is no obligation for him to park his car on the north side.

"*The Court:* Well, he may answer. * * *

"*A.* Yes and no on that question. It would be very dangerous leaving a car out there, but it could be left there.

"*Q.* You could have parked a car on the left side?

"*A.* I could have, but it would have been a dangerous thing to do. * * *

"*Q.* And there was nothing to prevent you from parking at the north curb, was there?

"*A.* No.

"*Q.* And if you had parked there, you would not have had to drive your car across this ice path where the children were sliding down, would you?

"*Mr. Rodgers:* Same objection.

"*The Court:* He may answer.   *   *   *

"*A.* No, sir."

There was cross-examination of defendants' witness Dwight Lamoreaux of like character. Defendants' counsel moved to strike this testimony and stated to the court that there was no allegation of negligence based on failure to park the car in the street instead of in the driveway of the Becker home, and that there was no obligation resting on the driver of the automobile to do so. The objections made were overruled and the motion to strike denied. Before the jury, plaintiff's counsel argued that the automobile should have been parked at the curb opposite the Becker driveway and by so doing "avoid any possibility of an accident." Objection was urged to the argument and the court requested to instruct the jury to disregard it, this on the ground that the manner or place of parking the car was not alleged as negligence. The trial court disposed of defendants' objection and requests as follows:

"The jury has heard the testimony, and if the argument is not helpful in weighing and determining the testimony and determining the question of negligence, then they will disregard it. If it is helpful, they can use it for what it is worth."

The cross-examination was improper and the use made of the testimony thus gotten into the record by plaintiff's counsel was clearly prejudicial. This is

especially true in view of the undisputed testimony that the accident did not occur when the automobile was being driven into or when it was being backed out of the driveway. If the driver was guilty of any negligence it was in driving the automobile forward after he had backed it across the street to the north curb. Conclusively driving into or backing out of the driveway was not the proximate cause of the accident. As stated in appellee's brief:

"In short, the only disputed question of fact in the case was whether defendants' car moved forward from its position against the curb."

Error is also assigned on the charge to the jury. In part the court charged:

"So, in this case, after the bob started from the top of the hill, if the slide was clear when they started, the testimony was they could not stop the bob going down the slide, and the law does not require that it shall stop; and anybody down the hill, it is their duty not to get in the way of that bob, because the bob cannot be stopped."

Appellants' objection is thus stated:

"Our criticism here is that this instruction stated the mutual rights and responsibilities of the plaintiff and defendant more favorably to plaintiff than the law permits."

Without holding that the case should be reversed on that account, we may note that the "duty not to get in the way" of those coasting down the hill was not (as the jury might have understood) an absolute duty. Instead, others using the street were bound to exercise reasonable care, such care as was commensurate with the known use that was being made of that portion of the street where coasting was permitted.

For the reasons above stated, the judgment entered in the circuit court will be set aside, and a new trial ordered. Costs to appellants.

McDonald, C. J., and Clark, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.