EHLERS *v.* BARBEAU.

1. AUTOMOBILES—PEDESTRIANS—NEGLIGENCE—CONTRIBUTORY NEGLI-
GENCE—EVIDENCE.

   In pedestrian's action against motorist for injuries sustained
   while crossing street, where plaintiff claimed defendant had
   been closely following another car, suddenly attempted to pass
   it and in so doing ran plaintiff down while on wrong side of
   yellow dividing line in the street and defendant claimed plain-
   tiff negligently ran into side of the car, evidence *held*, to sup-
   port jury's determination that defendant was negligent and
   that plaintiff was free from contributory negligence.

2. APPEAL AND ERROR — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE —
EVIDENCE—JURY'S VERDICT.

   Where, despite obvious inaccuracies, it appears that negligence
   of defendant and plaintiff's freedom therefrom were substan-
   tially proved, the determination of the jury should not be
   disturbed.

3. DAMAGES—EXCESSIVE VERDICT—SKULL FRACTURE—LOSS OF EM-
PLOYMENT—NOSE INJURY.

   Verdict of $5,706.50 which included $706.50 conceded hospital,
   drug, and doctor's bills *held*, not excessive, where plaintiff was
   unconscious for a week, semiconscious for a few days after-
   wards, suffered considerable pain, right parietal bone of skull
   had been fractured and comminuted and bone fragments driven
   into brain over half an inch, was still bothered with dizziness
   and headaches seven months later at time of trial, physician
   testified plaintiff would yet be unable to resume working for a
   year, and his nose bears a little deviation to one side as a re-
   sult of injury to it.

4. TRIAL—ARGUMENT OF COUNSEL—REBUTTAL.

   In trial of pedestrian's action against motorist, where trial judge
   stated he would not limit either side in time allowed for
   argument, plaintiff's counsel made a relatively short argument
   at the close of the proofs and defendant's counsel spoke at
   about equal length, fact that plaintiff's counsel summoned his
   "heavy artillery" in closing argument was not improper
   (Court Rule No. 37, § 3 [1933]).

5. SAME—ARGUMENT OF COUNSEL—LIMITATION ON REBUTTAL—DIS-
CRETION OF COURT.

>  A trial judge may be requested to limit rebuttal argument to but
a fraction of time devoted to the main presentation but such
question of trial conduct rests largely in the discretion of the
trial judge and where expressly sanctioned by rules of court,
Supreme Court will not interfere.

6. SAME—ARGUMENT OF COUNSEL.

>  Ordinarily as long as argument of counsel is confined to the
evidence, courts are hesitant to interfere with impassioned
oratorical flourishes of even the most extravagant nature.

7. APPEAL AND ERROR—ARGUMENT OF COUNSEL—PREJUDICE—PAIN—
PLAINTIFF AS WITNESS.

>  Remark of plaintiff's counsel as to the worthlessness of a million
dollars on a bed of pain was not prejudicial argument in per-
sonal injury action, particularly where plaintiff appeared before
the jury and took the witness stand.

8. TRIAL—PERSONAL INJURIES—ACCIDENTAL INJECTION OF INSURANCE
ISSUE.

>  Accidental injection of insurance issue in action for personal
injuries by answer of nurse who attended plaintiff in reply to
question as to what defendant had said to her about the acci-
dent that "Well, insofar as his car was fully protected," which
was immediately ordered stricken upon defendant's objection
and jury instructed to disregard it then as well as in the
charge to it and also cautioned to consider only evidence which
had been legally admitted, did not constitute reversible error.

Appeal from Delta; Bell (Frank A.), J. Sub-
mitted October 12, 1939. (Docket No. 143, Calendar
No. 40,835.) Decided December 19, 1939.

Case by Ronald J. Ehlers against Marvin Barbeau
for damages for personal injuries sustained when
struck by an automobile while crossing a city street.
Verdict and judgment for plaintiff. Defendant ap-
peals. Affirmed.

*H. J. Rushton,* for plaintiff.

*Glenn W. Jackson,* for defendant.

BUTZEL, C. J.  Plaintiff alleges that he and a companion were crossing from the north to the south side of Ludington street at the intersection of 16th street in the city of Escanaba at 1 a. m. on September 18, 1937; that before they came to the center line of the street they stopped to allow two cars eastbound to pass them; that when a short distance from the intersection, the second car, which was being driven by defendant and which had been following very close behind the first car, suddenly turned out to pass the car ahead, went over to the wrong side of the street, and while proceeding very rapidly, struck plaintiff and caused him severe injuries.  The jury awarded plaintiff $5,706.50 and judgment for this amount was entered in his favor.  Defendant on appeal claims that his motion for a mistrial and also for a directed verdict should have been granted at the close of plaintiff's proofs or when renewed after defendant's case was concluded.  He claims that the verdict is against the great weight of the evidence, that the damages are excessive, that the court erred in failing to limit the time of final argument, that plaintiff's argument to the jury was improper and prejudicial, and that the question of insurance was improperly introduced into the case.  The main question, however, is whether or not plaintiff was guilty of contributory negligence.

The accident took place on a rainy night when visibility was poor.  The young lady, who was riding with defendant, stated she was unable to see out of her side of the windshield because there was no windshield wiper.  Defendant, who had the benefit of a clear windshield, stated at various points in his testimony that he was unable to see either plaintiff or his companion as they stood in the street, that he saw one man but could not identify which of the two he was, that he saw plaintiff's companion only, and

that with the lights on his car he was able to see a block ahead. Although plaintiff had driven a car for 22 years, when pressed for an answer was unable to make an "estimate" of the speed with which defendant approached when he struck him.

Defendant denies that he drove his car in front of the car ahead of him in an attempt to pass it, or that he was on the wrong side of the yellow dividing line in the street, or that he ran plaintiff down. He claims, rather, that plaintiff carelessly walked into his car and caused his own injuries. As we understand it, counsel for defendant argues that the accident could not have occurred in the manner alleged by plaintiff because if he had been first struck by the fender he would have sustained injuries to his legs and body, of which there was no indication when he was examined by a physician soon afterwards. Thus, it is contended that plaintiff stepped into the side of the car and struck his head against the hinge on the front of the left door. Defendant also argues in his brief that by mathematical formula it would be physically impossible for his car in the rear of another to turn out and reach the middle of the intersection in the time claimed by plaintiff.

While there is the usual conflicting testimony of witnesses to an accident which happened in an instant, there is evidence to support plaintiff's claim of how the accident occurred and his freedom from contributory negligence. From the testimony the jury was entitled to find that defendant was driving at a speed greater than was permissible due to the poor visibility, that he did not see plaintiff standing in the road, that plaintiff was struck by the left front part of the car, that the headlight may thus have been damaged and the fender slightly dented, that plaintiff in some way was thrown over the fender so that his head struck the hinge on the door, leaving

hair and blood on it. It may be somewhat difficult to give a logical explanation to every detail of the occurrence, but the testimony and physical facts amply sustain plaintiff's claims. As the trial court pointed out, the witnesses' estimates of speed and distance were estimates only, and where despite obvious inaccuracies it appears that negligence of defendant and plaintiff's freedom therefrom were substantially proved, the determination of the jury should not be disturbed.

The verdict was far from being excessive. The examining physician testified that plaintiff was brought unconscious to the hospital, that he was bleeding profusely from his head with a scalp wound, that he had a contusion over the right eye and that his nose was lacerated. An opening approximately two inches long and an inch and a half wide had been made in the skull, the right parietal bone had been fractured and comminuted, the bone fragments being driven down through the covering of the brain into the brain substance one half to three quarters of an inch. The skull had to be further trephined, so that it will be from two to seven years before the soft spot on the head is completely healed. Plaintiff was unconscious for a week and semiconscious for a few days afterwards. He suffered considerable pain and complained at the trial seven months after the accident that he was still bothered with dizziness and headaches and that he had been unable to work. The physician also testified that it would probably be no less than a year before plaintiff could resume working. Plaintiff's nose bears a little deviation to one side as a result of the injury to it. Counsel for defendant concedes that $706.50 represented expenses for hospital, drugs, and doctors' bills. The amount of the verdict was not excessive.

In response to an inquiry by the defendant's counsel as to how much time would be allowed for argument, the trial judge stated that he would not limit either side. This was permitted under Court Rule No. 37, § 3 (1933). Defendant complains, however, that plaintiff's counsel made a relatively short argument at the close of the proofs, that consequently his counsel spoke at about equal length, and thereupon plaintiff summoned his "heavy artillery" in his closing argument. There is certainly nothing novel in the practice and it is not forbidden by any positive rule or principle. It has, on the other hand, been recognized as an effective strategical method so long as kept within proper bounds. In every lawsuit one party will necessarily have the last word, and counsel representing defendants have recognized the plaintiff's advantage and taken steps to minimize its force and effect. (See Goldstein, Trial Technique, pp. 618, 619, 627.) The trial judge might be requested to limit the rebuttal to a fraction of the time devoted to the main presentation, as defendant himself suggests, but this question of trial conduct rests largely in the discretion of the trial judge and where expressly sanctioned by the rules of court, we have no disposition to interfere with it.

It is also contended that plaintiff's counsel went far afield in speaking of the scant benefit that money can bring to one stricken in health and physically unable to enjoy it. Ordinarily as long as the argument is confined to the evidence, courts are hesitant to interfere with impassioned oratorical flourishes of even the most extravagant nature. See *Conn v. Railway Co.,* 201 N. C. 157 (159 S. E. 331, 77 A. L. R. 641), and subsequent annotation. It is doubtful whether counsel's remarks about the worthlessness of a million dollars on a bed of pain transcended the

customary latitude of argument, particularly as plaintiff was able to appear before the jury and to take the witness stand. If counsel was overzealous, the record does not disclose positive impropriety to which objection was specifically taken. We have repeatedly declined to substitute our own conclusion formed from a printed record for that of the judge who participated in the trial and who could be appealed to if overzealous counsel overstepped the bounds. *Rutter* v. *Collins,* 103 Mich. 143; *Peters* v. *Wurzburg,* 267 Mich. 45. No prejudicial error is established.

The insurance issue was unfortunately injected into the case in what appears from the record a wholly accidental manner. The nurse who attended plaintiff was questioned about what defendant had said to her about the accident and she stated: ''Well, insofar as his car was fully protected—'' at which point she was interrupted by defendant's objection and the testimony was stricken, the jury being instructed to disregard it. In the charge the jury was specifically cautioned to consider only evidence which had been legally admitted and was again told to disregard the statement of the witness. There is nothing to show that the question was purposely asked to elicit the witness's answer as in *Van Dyke* v. *Knoll,* 262 Mich. 644. Under the circumstances, the reply coming unexpectedly and voluntarily, it was not reversible error.

The other claims have been examined but found to be without merit. The judgment is affirmed, with costs to plaintiff.


Wiest, Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.