## VAAS *v.* SCHROTENBOER.

1. APPEAL AND ERROR—GREAT WEIGHT OF EVIDENCE—NEW TRIAL—REVIEW OF FACTS.

   A consideration of the facts must be made by the Supreme Court on an appeal from a denial of a motion for new trial, based on·a claim that the verdict was against the great weight of the evidence.

2. AUTOMOBILES—PEDESTRIANS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—GREAT WEIGHT OF EVIDENCE.

   Verdict for defendant motorist was not against the great weight of the evidence in action against him by 15-year-old pedestrian, where there was disputed testimony from which jury might have found defendant not guilty of negligence, or that plaintiff was guilty of contributory negligence which was a proximate cause of her injuries.

3. SAME—NEGLIGENCE—VIOLATION OF STATUTE—PROXIMATE CAUSE—QUESTION FOR JURY.

   The question of whether a statutory violation by a motorist was a proximate or contributing cause of an accident may

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur, Appeal and Error, § 890.
[3] 5 Am Jur, Automobiles, § 669.
[4] Contributory negligence as a defense to a cause of action based upon violation of statute relating to automobiles.　10 ALR2d 853.
[4, 5] 5 Am Jur, Automobiles, § 171.
[4, 5] "Emergency rule" as applied to automobile drivers.　6 ALR 680; 27 ALR 1197; 79 ALR 1277; 111 ALR 1019.
[6] 31 Am Jur, Jury, § 172 *et seq.*
[6] Questioning jurors on *voir dire* regarding liability insurance in personal injury or death action.　4 ALR2d 792.
[6–11] Admissibility of evidence, and propriety and effect of questions, statements, comments, et cetera, tending to show that defendant in a personal injury or death action carries liability insurance.　56 ALR 1418; 74 ALR 849; 95 ALR 388; 105 ALR 1319.
[7–11] 5 Am Jur, Automobiles, § 666.

be a question of fact for the jury, hence, it was not error
for court to refuse request to charge jury that defendant's
violation of the speed limit was negligence *per se* (CL 1948,
§ 256.305).

4. SAME—PEDESTRIANS—CONTRIBUTORY   NEGLIGENCE—INSTRUCTIONS
—SUDDEN EMERGENCY—PROXIMATE CAUSE.
    Refusal of trial court to instruct jury that if plaintiff, a 15-
    year-old pedestrian, was not on 16-foot pavement of road
    which she had just crossed in front of defendant motorist's
    car, that she was not guilty of contributory negligence, was
    not improper, where it ignored the question of proximate
    cause, as applied to the contributory negligence of plaintiff,
    and whether, under the circumstances of the case, defend-
    ant's act in veering to the right and off the pavement in an
    effort to avoid striking plaintiff when confronted with a
    sudden emergency was the sole proximate cause.

5. SAME—INSTRUCTIONS—SUDDEN  EMERGENCY  BROUGHT  ABOUT  BY
OWN NEGLIGENCE.
    An instruction upon the question of a sudden emergency con-
    fronting a motorist which provides that if the emergency
    has been brought about by the party's own negligence the
    sudden emergency doctrine was not applicable was not er-
    roneous.

6. JURY—VOIR DIRE—INQUIRY AS TO INSURANCE.
    An inquiry as to whether or not a prospective juror represent-
    ed some insurance company may properly be asked on *voir
    dire* in an action arising out of an automobile accident, where
    asked in good faith.

7. AUTOMOBILES—INSURANCE.
    Repetition of question by defendant motorist's counsel as to
    who examined plaintiff's eyes, where she had responded that
    she did not know his name and that "it was one from the
    insurance company," was properly refused upon defendant's
    objection thereto.

8. SAME—VOLUNTEER, IRRESPONSIVE REMARK AS TO INSURANCE.
    Volunteer testimony in automobile accident case which was
    obviously a chance remark, not responsive to question asked,
    and disclosing that defendant had insurance did not con-
    stitute reversible error in pedestrian's action against motor-
    ist.

9. SAME—INSURANCE—FAILURE TO OBJECT.

Reversible error did not result from statement by one of plaintiff's witnesses that statement which had been taken was by someone from defendant's insurer, where no objection was made by counsel for plaintiff.

10. SAME—INSURANCE—STRICKEN REFERENCE.

Admission of defendant motorist that his insurer would take care of damages inflicted by him, that it was his fault, testified to by plaintiff's mother and stricken at request of defendant's counsel, *held*, not to have constituted reversible error.

11. SAME—REPEATED REFERENCES TO INSURANCE—INSTRUCTIONS.

Repeated references to insurance carried by defendant motorist, in action against him by 15-year-old pedestrian for injuries she received while crossing city street on a holiday *held*, not to have constituted reversible error, where no improper use was made of them by either counsel and, when brought to trial court's attention, were stricken from the record and court instructed jury not to let such instances enter into their deliberations.

12. TRIAL—INSTRUCTIONS—MISTRIAL.

Instructions to jury in action by pedestrian against motorist *held*, to have left no room for doubt in the minds of the jurors as to their duties, especially with reference as to whether or not a mistrial should be declared, where conclusion of instructions was that they could bring in a verdict for plaintiff and name the amount of the damages found or a verdict for defendant of no cause for action.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted January 3, 1951. (Docket No. 30, Calendar No. 44,704.) Decided March 1, 1951.

Case by Ellen M. Vaas, guardian of Dorothy A. Vaas, a minor, and as assignee of Frederick T. Vaas, against Arthur Schrotenboer and another for damages resulting from an accident. Verdict for defendants. Plaintiffs appeal. Affirmed.

*Mitts & Smith,* for plaintiff.

*Harvey L. Scholten,* for defendant.

BOYLES, J.  This is a suit to recover damages for
injury to Dorothy A. Vaas, a minor, as the result
of being struck by an automobile driven by the de-
fendant Harold Schrotenboer, owned by his father,
Arthur Schrotenboer.  The nominal plaintiff sues as
guardian and assignee, therefore Dorothy A. Vaas,
the real plaintiff in interest, will be referred to as
the plaintiff, and Harold Schrotenboer, the driver
of the automobile, will be designated as the defend-
ant.  The issues of fact as to negligence of the de-
fendant, contributory negligence of the plaintiff, and
proximate cause, were submitted to a jury under
appropriate instructions from the court and the jury
returned a verdict of no cause for action.  Plaintiff
appeals, and seeks reversal on the grounds that the
verdict was contrary to the great weight of the evi-
dence, that the court erred in certain respects in
charging the jury, and for claimed errors in making
reference to insurance.

The question of great weight was properly raised
by plaintiff on a motion for new trial denied by the
court, and therefore requires our consideration of
the facts.  Plaintiff was 2 months past 15 years of
age at the time of the accident, and the defendant
was 19.  The accident occurred about 6:45 p.m.,
August 14, 1947, on a clear, bright day, at the inter-
section of First avenue and the Ottawa Beach road
which runs between Holland and Ottawa Beach in
Ottawa county.  That date was a half-holiday in
Holland and traffic between Holland and the beach
was moderately heavy.  Plaintiff, accompanied by
a girl friend of about the same age, walked east from
her parent's cottage on First avenue toward the
Ottawa Beach road for the purpose of crossing the
road to a store.  First avenue is a narrow dirt and
sand road intersecting Ottawa Beach road at right
angles.  A board walk extends along the north side
of First avenue, with several steps leading down to

the level of the Ottawa Beach road at the intersection. They went down the steps upon reaching the Ottawa Beach road and started to cross together. At that point the beach road runs northeasterly and southwesterly, paved 16 feet in width, and is straight to the southwest from a point variously estimated by witnesses at 2 or 3 city blocks, or from 400 to 600 feet, and is also straight for a somewhat greater distance to the northeast. This is a residential area where many summer cottages are located. As plaintiff and her companion went down the steps their view of the Ottawa Beach road was unobstructed both to the right and to the left for distances of at least 400 feet. Plaintiff and her companion looked both ways on the Ottawa Beach road and saw the defendant's car from 400 to 600 feet approaching on their right. The defendant was returning from Ottawa Beach with 2 companions, and there is testimony there was a car ahead of the defendant's car a short distance which passed through the intersection before defendant reached it. Several witnesses testified that the defendant was driving between 20 and 25 miles per hour. There was other testimony estimating his speed at 30 to 45 miles per hour. Plaintiff and her girl companion started to cross the Ottawa Beach road together. The driver of an automobile on the beach road closely approaching the intersection from their left testified that he saw them start to cross the beach road, that after taking a step or 2 plaintiff's companion turned back but that plaintiff ran across the road, attempting to get across in front of the defendant's car, which then must have been close upon her. There was other testimony that plaintiff did not run. Some witnesses testified that she attempted to run across when defendant's car was only 18 or 20 feet away, that her girl companion hollered "Wait" and tried to grab her. The defendant swerved his car to the right off

the pavement apparently to avoid striking the plaintiff. The storekeeper testified that traffic was moving possibly 25 or 30 miles an hour, that he saw plaintiff and her companion waiting for cars to go by, saw the defendant's car, heard plaintiff's companion "holler 'Wait,'" saw plaintiff running across at an angle to her left, that he saw defendant swing to the right, and saw the accident. His customer testified she heard a scream before plaintiff started to run, that plaintiff went one way and her companion another. There was testimony to the contrary, particularly from plaintiff's companion whose recollection was not very definite as to the facts, at the time she testified at the trial. There was a dispute in the testimony as to exactly where the plaintiff was when struck, whether still on the pavement or whether she had reached the sand shoulder and was struck there. Some witnesses testified that plaintiff was off the pavement when struck, and other witnesses testified that she was about three-quarters of the way across the pavement when struck. There seemed to be general agreement that the defendant's car veered to the right before or at about the time of the collision. It came to a stop on a slight embankment at about a 30-degree angle to the pavement after it had hit a telephone pole about 17 feet off the pavement. Counsel agree that plaintiff was struck by the front end of defendant's car, between the grille and the left fender, and that she landed 3 or 4 feet off the pavement.

Under the disputed questions of fact, the court submitted to the jury the questions of fact as to the speed of the defendant's car, whether he could stop within the assured clear distance ahead,[*] whether he was confronted with sudden emergency, whether his negligence, if any, was a proximate cause of the acci-

---

[*] See CL 1948, § 256.305 (Stat Ann 1947 Cum Supp § 9.1565).—REPORTER.

dent, and whether the plaintiff was free from contributory negligence which was a proximate cause of the accident. No special questions were submitted to or answered by the jury* and the verdict was general, consequently the record here does not indicate whether the jury by its verdict found the defendant free from negligence, or guilty of negligence and the plaintiff guilty of contributory negligence.

We conclude that the issues as to the defendant's negligence, plaintiff's contributory negligence, and proximate cause were clearly questions of fact to be submitted to the jury, and that there was a sufficiency of disputed testimony from which the jury might properly find that the defendant was not guilty of negligence as a proximate cause of the accident, or that the plaintiff was guilty of contributory negligence which was a proximate cause. The credibility of the witnesses was for the jury and the verdict was not against the great weight of the evidence.

Appellant claims it was error for the trial court to refuse to charge the jury in accordance with plaintiff's request, "that if the defendant was exceeding the statutory speed limit he was guilty of negligence as a matter of law." Such an instruction would mean, in effect, that a violation of the 25 miles per hour speed requirement would make the defendant liable for negligence, as a matter of law, without regard to whether the defendant was confronted with a sudden emergency, or whether speed was a proximate cause of the accident. Appellant assumes that while a violation of a provision of the motor vehicle law constitutes negligence *per se,* it necessarily follows that *ipso facto* the driver is guilty of negligence, as a matter of law, without any exceptions. Counsel in their brief claim:

---

* CL 1948, § 618.39 (Stat Ann § 27.1019).

"Under these circumstances we believe it is so clear as to be beyond argument that the plaintiff was entitled to a clear and positive instruction that if Harold Schrotenboer was travelling in excess of 25 miles per hour he was negligent as a matter of law."

The court instructed the jury that the accident occurred in a 25 miles per hour zone, that the legal speed limit there was presumed to be a speed of 25 miles per hour, within which that road could be traversed with safety; and that any person is required by law to drive a car at a careful and prudent speed having due regard to traffic and conditions so that he can bring it to a stop within the assured clear distance ahead. The court charged:

"In a residential district unless a different speed is fixed by local authorities and posted, it shall be prima facie unlawful to drive a vehicle at a speed exceeding 25 miles per hour. But if you find under the conditions existing at the time and place of this accident that such speed would be unsafe—in other words, 25 miles per hour would be unsafe, then such speed would not be lawful and if the driver was found by you to be driving at the rate of speed as you find he was driving and was driving faster than was reasonable and proper, having due regard to the traffic, surface and width of the highway, and any other conditions existing at such time and place, if you find that such speed being unlawful was the proximate cause of the collision in this case, then he would be guilty of negligence even though he might be driving at 25 miles an hour or less.

"I charge you, ladies and gentlemen of the jury, that if the defendant acting as a reasonably prudent person could have seen the plaintiff, Dorothy Vaas, was about to cross the highway and was crossing it, then it was his duty to bring his car under such control on approaching this intersection in question so that he could bring it to a stop within the assured clear distance ahead and if he failed to do that upon

approaching this intersection, then that would constitute negligence on the part of this defendant."

While we have held that a violation of the motor vehicle law is negligence *per se* (*e.g.,* see *Garbacz* v. *Grand Trunk Western R. Co.,* 323 Mich 7), it still follows that the negligence must be a proximate cause of the accident to allow recovery of damages, or bar recovery on account of contributory negligence. While an act of the driver may be a violation of the motor vehicle statute and negligence *per se,* the question whether the statutory violation was a proximate or contributing cause of a collision may be a question of fact for a jury. *Bade* v. *Nies,* 239 Mich 37; *Thomas* v. *Currier Lumber Co.,* 283 Mich 134; *Dedo* v. *Skinner,* 296 Mich 299; *Longfellow* v. *City of Detroit,* 302 Mich 542. See, also, *Strong* v. *Kittenger,* 300 Mich 126.

Appellant further contends that the court erred in refusing to instruct the jury that if the plaintiff was not on the pavement when struck she would not be guilty of contributory negligence. Such an instruction without qualification would have been improper. It would ignore the question as to proximate cause, as applied to the contributory negligence of the plaintiff, and whether, under the circumstances of the case, the act of the defendant in veering to the right and off the pavement in an effort to avoid striking the plaintiff when confronted with a sudden emergency of the plaintiff crossing in front of his automobile was the sole proximate cause of the accident. The court fully instructed the jury as to negligence of the defendant, contributory negligence of the plaintiff, and proximate cause, and instructed as to sudden emergency as follows:

"Well, first I might say that the doctrine of emergency in the law makes allowances for actions of drivers of motor vehicles in the case of sudden

emergency not brought about by their own negligence. And so a motorist who suddenly finds himself in peril of collision and without time to consider the best means to avoid the impending danger, that motorist is not guilty of negligence if he fails to attempt that course of action which later upon subsequent reflection may appear to have been a better course to pursue to avoid the peril. Now, this is entirely consistent with the general rule that the law requires one to act as a reasonably prudent person would under like or similar circumstances.

"And so if you find in this case that Harold Schrotenboer through no fault of.his own was faced with a sudden peril, a sudden emergency, you may make allowance for his conduct in this case and ask yourself under these circumstances of emergency and sudden peril, what would a reasonably prudent person do under these circumstances. But the doctrine of sudden emergency is not applicable if the emergency has been brought about by the party's own negligence."

No error. See *Morrison* v. *Grass,* 314 Mich 87; *Dasovich* v. *Longacre,* 324 Mich 62; *Kurta* v. *Probelske,* 324 Mich 179.

Appellant's principal claim of error seems to be that during the trial and in charging the jury error was committed by "injecting" the question of the defendant's insurance. We usually find that the plaintiff is supposed to be benefited if it can be made to appear to the jury that the defendant is insured, thus enhancing the probability of a verdict favorable to the plaintiff. However, plaintiff contends that in view of the charge of the court with respect to the question of insurance the plaintiff has not had a fair trial.

During the *voir dire* examination counsel for the *plaintiff* asked a prospective juror whether he represented some insurance company, and pressed the inquiry at some length on receiving an affirmative

reply, asking whether there was anybody else on the jury who represented insurance companies. Plaintiff now complains that this was error in view of the court in its charge having referred to insurance having been "injected" into the case. However, such an inquiry may properly be addressed to jurors, in good faith. *Link* v. *Fahey,* 200 Mich 308; *Greenwold* v. *Faber,* 234 Mich 217; *Holloway* v. *Nassar,* 276 Mich 212; *Fedorinchik* v. *Stewart,* 289 Mich 436; *Marth* v. *Lambert,* 290 Mich 557; *Grud* v. *Warren,* 297 Mich 546.

During cross-examination of the plaintiff by defendant's counsel, in answer to the question as to who examined her eyes, she said "I don't remember the doctor's name, it was one from the insurance company." Counsel for *plaintiff* asked that the answer be repeated, counsel for the *defendant* stated he thought it ought not to be repeated, and the court so held. Later, on redirect examination of plaintiff, her counsel again brought up the matter and asked plaintiff whether somebody had requested her to have her eyes examined, and she answered "the insurance company requested it." On motion of counsel for the *defendant,* the court struck the answer from the record. No error.

The service manager for an auto sales company, in describing their bill for repairing the damage to the defendant's automobile, said that the bill had been sent to "the insurance company." It was volunteer testimony, not responsive, and counsel for appellant now concede that "it was clearly one of those chance remarks made by a witness in a lawsuit for which neither party can be held responsible."

While counsel was examining plaintiff's girl companion, she referred to a statement she had made which had been taken by someone who "told me he was from Schrotenboer's insurance." No objection

to the reference to insurance was made by opposing
counsel. No error.

The plaintiff's mother, in testifying to an admission made by the defendant Harold Schrotenboer,
said:

"He said it was his fault and that his insurance
company would take care of it."

At the request of *defendant's* counsel, and with the
permission of plaintiff's counsel, the last portion of
this response was stricken. No error.

None of the incidents referred to was injected
into the case by counsel for either the plaintiff or the
defendant for the purpose of influencing the jury, no
improper use was made of these occasions by counsel,
and when they were objected to and were brought
to the court's attention they were stricken from the
record. Conceding that no improper use of the matter was made by counsel for the defendant, appellant's claim of error is that plaintiff has not had a
fair trial:

"In view of the charge of the court with respect
to the question of insurance, has the plaintiff had a
fair trial?"

The court instructed the jury:

"Now members of the jury, unfortunately in these
cases—and we have found no way successfully to
keep it out—there is always injected at least too frequently the matter of insurance.

"Now, the courts have held that if the matter of
insurance is injected into these cases maliciously, intentionally and with a desire and a hope that the
jury will be influenced in their decision by a knowledge of such fact, then there should be a mistrial.

"Now, in this case, numerous witnesses have referred to insurance. I charge you, members of the
jury, and I believe I have full faith in your intelligence and in your willingness to follow the charge

of the court in this and in other respects, to totally forget any question of insurance. There is no insurance company on trial in this case. The plaintiffs are Mr. and Mrs. and Dorothy Vaas; and the defendants are Arthur and Harold Schrotenboer; and that is all that you should take into consideration. These are the only parties in this case. Forget about insurance, it should not be here and it should not enter into your deliberations. I have faith that it will not in this case."

The charge was proper, did not deprive plaintiff of a fair trial. We find no error in the incidents where insurance was referred to at the trial. See *Sutzer v. Allen,* 236 Mich 1; *Stehouwer v. Lewis,* 249 Mich 76 (74 ALR 844); *Deffenbaugh v. Inter-State Motor Freight Corp.,* 254 Mich 180; *Ehlers v. Barbeau,* 291 Mich 528; *Trafamczak v. Anys,* 320 Mich 653.

Finally, appellant argues that under the instructions the jury might have concluded that it was left to the jury to determine whether a "mistrial" should be declared. But the court left no room for doubt in the minds of the jurors as to their duties. In concluding the charge, the court definitely instructed the jury that it should bring in 1 of 2 verdicts:

"If you find for the plaintiff * * * then you will bring in your verdict and announce 'We find for the plaintiff and assess her damages in the sum of' and name the amount of damages which you find she may recover in this case.

"And a second verdict which you may bring in in this case is a verdict for the defendant in which event you will announce 'We find for the defendant, no cause for action.' "

Affirmed. Costs to appellees.

Reid, C. J., and North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.

Dethmers, J., concurred in the result.